Harry DRIGGIN, et al.

v.

TOWN OF WELLS.

Supreme Judicial Court of Maine.

Argued June 10, 1985.

Decided May 27, 1986.

Murray, Plumb & Murray, E. Stephen Murray, John C. Bannon (orally), Portland, for plaintiffs.

Verrill & Dana, Paul F. Driscoll (orally), Portland, for Town of Wells.

Before NICHOLS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ., and WERNICK, A.R.J.

PER CURIAM.

The defendant Town of Wells appeals from a judgment of the Superior Court (York County) reversing the State Liquor Commission's decision that the plaintiffs had failed to sustain their burden of proving that the Wells Board of Selectmen were without justifiable cause in denying the plaintiffs' application for a liquor license. On appeal the Town argues that the Superior Court erred, 1) in finding that the Town's denial of plaintiffs' application on the ground it would not be in the best interest of the community was not supported by substantial evidence, and 2) in construing the case of *Ullis v. Inhabitants of the Town of Boothbay Harbor,* 459 A.2d 153 (Me.1983), and the state liquor licensing statute (Title 28, M.R.S.A.), as prohibiting municipal consideration of factors other than the state liquor licensing statute in considering liquor license applications. We affirm the judgment.

I.

On October 31, 1983, Harry Driggin, a general partner in Majestic Motel Associates, a Maine limited partnership, d/b/a Majestic Regency Motel, applied to the Board of Selectmen of Wells for a Class I-A liquor license—optional license, 28 M.R.S.A. § 701(1)(A)(1) (Supp.1984–85), to serve spirituous, vinous and malt beverages on a part-time basis to begin April 25, 1984, at a proposed swimming pool bar building, this building to be a part of applicant's 85 unit hotel located on Route 1 in Wells. A public hearing, held pursuant to 28 M.R.S.A. § 252–A(1), at which no members of the public appeared either to support or oppose the license application, was held by the selectmen on February 7, 1984. The application was tabled, pending investigation of the selectmen's authority to issue the license to an establishment that did not serve meals. By letter dated February 22, 1984, Fred Breslin, the Town Manager of Wells, notified plaintiffs that the application had been unanimously denied by the selectmen on February 21, 1984. The letter further stated:

> At the General Election on 5 November 1968 the Town voted against granting a license for the sale of malt liquor to be served on the premises of taverns and Class A taverns. Based on that precedent, I feel that the Board was of the opinion that the sale of liquor out-doors at poolside would not be in the best interest of the community.

The municipal officers gave no reasons for their denial of the application, as required by 28 M.R.S.A. § 252–A(2).[1]

Plaintiffs forthwith appealed this decision to the State Liquor Commission (Commission), which held a public hearing in Wells on April 5, 1984. The Commission chairman stated the appeal hearing was essentially a de novo hearing and the Commission would receive relevant evidence either in favor of or in opposition to the granting of the license application.

Two of the Wells selectmen and the Town Manager, Mr. Breslin, testified that, based on the 1968 vote of the Town with respect to taverns, and, because the applicant did not serve food, it did not qualify for the liquor license. These witnesses also expressed their concerns about the close proximity of the outdoor swimming pool and the pool-bar building to U.S. Route 1, thus exposing the consumption of alcoholic beverages to view of the traveling public. They were also concerned about the consumption of alcoholic beverages at poolside in the presence of young children, some of whom would not be under parental supervision. These reasons formed the basis for their decision that granting the license would not be in the best interest of the community. Plaintiffs' attorney, as a sworn witness, testified that plaintiffs, prior to filing the application, had obtained a variance from the Town of Wells Zoning Board of Appeals with specific screening conditions, for the location of the poolside bar building closer to Route 1 than permitted by the Town zoning ordinance. Plaintiff Driggin testified as to the strict procedures the management would follow in op-

erating the licensed premises. No other witnesses testified.

The Commission found the Board of Selectmen to be "technically erroneous" in denying the application based on the 1968 vote of the town regarding taverns; that the application was for an optional hotel liquor license permitted by the terms of 28 M.R.S.A. § 701(1)(A). The Commission decided, however, that it could not disregard the Selectman's determination that the serving of liquor at poolside "would not be in the best interest of the community," and that, applying its statutory review powers on an appeal from a denial of an application,[2] it could not conclude that the denial was without justifiable cause, and denied plaintiffs' application. Plaintiffs appealed the Commission's decision by filing a complaint in Superior Court, pursuant to Rules 80B and 80C of the Maine Rules of Civil Procedure. The Superior Court reversed the decision of the Commission and ordered it to issue plaintiffs the license applied for, concluding that the denial of the application by the Selectmen, and affirmed by the Commission, imposed an additional local requirement without statutory authority and contrary to the holding of the Law Court in the case of *Ullis v. Inhabitants of Boothbay Harbor*, 459 A.2d 153 (Me.1983). Defendant Town of Wells timely filed an appeal to this Court. The Commission did not file an appeal.

## II.

We consider the holdings made by this Court in the case of *Ullis v. Inhabitants of the Town of Boothbay Harbor*, 459 A.2d

---

1. 28 M.R.S.A. § 252–A(2) (Supp.1984–85) provides:

    2. **Findings.** In granting or denying an application under subsection 1, the municipal officers or the county commissioners, as the case may be, shall indicate the reasons for their decision and provide a copy to the applicant.

2. 28 M.R.S.A. § 252–A(3)(B) (Supp.1984–85) provides in pertinent part:

    3. **Appeal to commission.** Any applicant aggrieved by the decision of the municipal

officers or county commissioners under this section may appeal to the commission, who shall hold a public hearing in the city, town or unincorporated place where the premises are situated.

　·　　·　　·　　·　　·

**B.** If the decision appealed from was to deny the application or request, the commission may grant the application or request only if it finds by clear and convincing evidence that the decision was without justifiable cause.

153 (Me.1983) to be dispositive of the case now before us, as did the Superior Court in reversing the decision of the Commission. In *Ullis* the selectmen of the Town of Boothbay Harbor had denied an application for a liquor license to a restaurant owner on the sole ground that section 8.3 of the Town's victualer's ordinance provided for such denial when the applicant's restaurant was located within 1200 feet of a pre-existing similar licensee. We held "that municipal officials do not have any authority to condition the granting of state liquor licenses on factors other than those specified in Title 28 of the Maine Revised Statutes (1974 & Supp.1982–83) or imposed by the municipality pursuant to a specific grant of power spelled out in Title 28." *Id.* at 158. The Court further stated that:

> [n]either former section 252 nor current section 252–A specifies the standards to be used by the municipal officers in granting or denying such applications. A broader reading of the entire statutory scheme regulating liquor licenses in the State of Maine, however, yields the conclusion that, except in certain situations addressed by specific statutory provisions, the legislature did not intend municipal officials to impose additional local requirements on top of the statewide requirements set by the legislature and the State Liquor Commission for all license applicants.[3]

*Id.* at 158.

Finally, we said that "[w]here the state legislature has pre-empted a field, a municipality may not invade that field in the guise of regulating a field still open to that municipality. (citations omitted). The Superior Court correctly perceived that section 8.3 of Boothbay Harbor's victualer's ordinance violates this canon." *Id.* at 160.

■ When, as here, the Superior Court acts as an intermediate appellate court reviewing the action of the state agency, we will examine directly the record made before the agency without deference to the decision of the Superior Court. *Shackford & Gooch, Inc. v. Town of Kennebunk,* 486 A.2d 102, 104 (Me.1984); *Nancy W. Bayley, Inc. v. Maine Employment Security Commission,* 472 A.2d 1374, 1377 (Me. 1984). Our standard of review is the same as that employed by the Superior Court. *Driscoll v. Gheewalla,* 441 A.2d 1023, 1026 (Me.1982).

While the Wells municipal officers gave no reasons for their denial of the license application, it is clear from the record of the public hearing before the Commission what their reasons were. First, they erroneously decided plaintiffs' establishment fell within the classification of a tavern and was therefore ineligible for a license because of the tavern's 1968 local option vote, taken pursuant to the provision of 28 M.R.S.A. § 101, prohibiting the licensing of all taverns within the Town of Wells. In fact, plaintiffs' establishment qualified for the license applied for. Second, for the reasons testified to by the selectmen and the town manager at the Commission's public hearing, the municipal officers decided the granting of the license "would not be in the best interest of the community."

■ We determine that the application of the "best interest of the community" criterion by the municipal officers of Wells constitutes the imposition of an unlawful additional local requirement, unauthorized under any provision specified in 28 M.R.S.A. (1974 & Supp.1984–85) or imposed by the municipality pursuant to a specific grant of power spelled out in Title 28. Defendant argues that § 53(3) of Title 28 empowers the Town to consider a broad range of factors when considering an application for a liquor license.[4] Defendant's

---

**3.** Section 252–A(2) has since been amended by the Legislature to provide five grounds for denial of an application by the municipal officers. P.L.1985, ch. 215, subsection 2 (effective September 19, 1985). This statutory amendment is, however, inapplicable to this case.

**4.** 28 M.R.S.A. § 53(3) (Supp.1984–85) provides:
**§ 53. Powers of the State Liquor Commission**
The State Liquor Commission shall establish the policy, rules and regulations pertaining to the administration and enforcement of the

argument is without foundation. First, the powers enumerated in section 53 are granted to the Commission and not to a municipality. Second, the record is void of any rules or regulations adopted by the Commission pursuant to subsection 3 that either addresses the reasons considered by the municipal officers or their conclusion that for such reasons granting the license would not be in the best interest of the community.

We therefore agree with the Superior Court that the decision of the selectmen constituted the imposition of an additional local requirement not authorized under Title 28 or any other state statute. *Ullis*, 459 A.2d at 158. The Commission should have overturned the Town's decision because the denial of the application was without justifiable cause. 28 M.R.S.A. § 252–A(3)(B).[5]

### III.

■ Finally, we believe the Superior Court judgment ordering the Commission to grant the license applied for by plaintiffs is correct. In *Ullis*, 459 A.2d at 157, the Court said "the commission is given no power under section 252–A(3)(B) to remand a case to the municipal officers; it must either 'affirm' the officers' denial or grant the application itself."

The entry is:

Judgment affirmed.

All concurring.

liquor laws. The commission shall have the following powers and duties:

    **3. Rules and regulations.** To adopt rules, requirements and regulations not inconsistent with this Title or other laws of the State, the observance of which shall be conditions precedent to the granting of any license to sell liquor, including malt liquor or table wine. In issuing or renewing licenses, consideration shall be given to the character of any applicant, the location of the place of business, the manner in which it has been operated and to whether the operation has endangered the safety of persons in or on areas surrounding the place of business. The commission, the municipal officers or county commissioners, as the case may be, may refuse to issue licens-

es to corporations when any of its officers, directors or stockholders do not possess the qualifications required of unincorporated persons under this section.

**5.** Because we decide this case on the interpretation of a state statute, we do not consider that part of the Superior Court decision finding that the criterion applied by the Wells Board of Selectmen was "an unwritten seat of the pants limitation that applied to no one except plaintiff", thus leading "to impermissible arbitrariness". This in effect raises a constitutional issue we are not required to address since we decide the case on other grounds.