**Dana G. FARLEY**

v.

**MAINE UNEMPLOYMENT INSURANCE COMMISSION.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 19, 1993.

Decided May 17, 1993.

Sarah E. LeClaire, Pine Tree Legal Assistance, Presque Isle, for plaintiff.

Gwendolyn B. Thomas, Pamela W. Waite, Asst. Attys. Gen., Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, COLLINS, RUDMAN and DANA, JJ.

DANA, Justice.

Dana G. Farley appeals from a judgment entered in the Superior Court (Aroostook County, *Pierson, J.*) affirming a Maine Unemployment Insurance Commission decision refusing him unemployment benefits. Farley contends that the Commission erred in ruling that he did not have good cause

for failing to appear at a hearing. We affirm the judgment.

Finding that Farley had voluntarily resigned from his civilian job at Loring Air Force Base without good cause, the Commission denied him unemployment benefits. Farley appealed and a hearing was scheduled for May 30, 1991. The notice of hearing warned him that postponement of the hearing could be arranged only for good cause and that failure to appear would result in a dismissal.[1]

Farley first requested a postponement by telephone a week before the hearing, but he was told the request must be in writing. A note made of that conversation by an agency employee does not show, contrary to Farley's testimony, that he gave as a reason for the postponement his need to look for work in New York. The day before the scheduled hearing, the agency received Farley's written request for a postponement based on his going to New York to look for work. Without determining whether his written request had been granted, Farley drove to New York with a friend and interviewed with employers randomly, not having any previously scheduled interviews.

■ The administrative hearing officer concluded that Farley's New York trip and job search did not constitute good cause for failing to appear at the hearing and also found that he had made the trip primarily to accompany a friend to New York rather than look for a job. Farley appealed the decision to the Commission, which made slight modifications to the decision and affirmed as modified. Farley sought reconsideration, and the Commission again affirmed. Farley sought direct judicial review pursuant to M.R.Civ.P. 80C by the Superior Court, which affirmed. We examine directly the record before the agency, *Driggin v. Town of Wells*, 509 A.2d 1171, 1174 (Me.1986), and review for error of law, giving great deference to the Commission's interpretation of its own regulations. *Catir v. Commissioner of Dep't of Human Servs.*, 543 A.2d 356, 359 (Me.1988).

■ The Commission's rules provide for a default when a party fails to attend a benefits hearing unless the party can show good cause. Rules Governing Adjudicatory Proceedings, ch. 5, § 1(B)(1) (1991).[2] The rules also explain that good cause includes those circumstances when an unemployed individual "is required by law to perform either a military or civil duty; or other cause of a necessitous and compelling nature." *Id.* at ch. 1, § 4(T).[3]

Although Farley must search for employment to be eligible for unemployment benefits,[4] he was not "required by law to per-

---

1. The exact language of the notice was:
 *POSTPONEMENT:* This hearing will be postponed ONLY For Good Cause. Except due to emergencies or cause beyond your control, requests for postponements must be received at least *three calendar days* before the scheduled hearing. If you want a postponement immediately contact the Division of Administrative Hearings at the reply address on the front of this notice.
 *FAILURE TO APPEAR:* Failure to appear will result in a dismissal of this appeal and may result in a denial of all rights of further appeal.
 (Emphasis in original)

2. Rules Governing Adjudicatory Proceedings, ch. 5, § 1(B)(1) (1991) provides as follows:
 The commission or the appeal tribunal may make informal disposition of any adjudicatory proceeding by default when the appealing party fails to appear at the scheduled hearing, provided notice of the consequences of such failure to appear has been given said party. Any such default may be set aside by the commission or appeal tribunal for good cause shown....

3. Rules Governing Adjudicatory Proceedings, ch. 1, § 4(T) (1991) provides as follows:
 For the purposes of the Employment Security Law and regulations, the Commission determines that "Good Cause" shall be when the unemployed individual himself is ill, or when illness of the unemployed individual's spouse or children, or parents, or step-parents, brothers or sisters, or relatives who have been acting in the capacity of a parent of either the claimant or spouse, require his presence; or he is in attendance at a funeral of such relative; or required by religious conviction to observe a religious holiday; or required by law to perform either a military or civil duty; or other cause of a necessitous and compelling nature.

4. *See* 26 M.R.S.A. § 1192(3) (1988) (requiring applicants for unemployment benefits to be actively seeking work in order to maintain eligibility).

form" his job search in New York on the day of his hearing. Because Farley's New York job search was within his control, it was not a "cause of a necessitous and compelling nature." *See Klingerman v. SOL Corp. of Maine,* 505 A.2d 474, 476 (Me.1986) (applying the rule of construction that "when enumerating words are followed by words of general import, the general words, if their meaning is uncertain, should be controlled by the specific"). The Commission did not err in finding that Farley did not show good cause for failing to attend his hearing.

Farley argues that the Commission's finding concerning the primary purpose of his trip to New York was not supported by substantial evidence. The Commission's finding as to the primary purpose of the trip was not essential to its determination of Farley's lack of good cause.

The entry is:

Judgment affirmed.

All concurring.