STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: AP-09-027

KIMBERLY A. MORIN

Petitioner,

v.

MAINE UNEMPLOYMENT
INSURANCE COMMISSION,

**ORDER**

Respondent

The Unemployment Insurance Commission decided that Kimberly Morin was dismissed from her employment for misconduct as defined by 26 M.R.S.A. § 1043(23), and that she did not have good cause for missing her administrative hearing on February 2, 2009. Morin brings this appeal pursuant to Rule 80C.

## BACKGROUND

Appellant Kimberly Morin was employed by IDBI, Inc. d/b/a Aucocisco School and Learning Center, as an administrative assistant, receptionist, and bookkeeper. Morin's employment began in March 1999, and ended on November 14, 2008. She applied for and received unemployment benefits on the ground that she had been dismissed without cause. IDBI, Inc. appealed Morin's award and a hearing was set for February 2, 2009. Notice of the time, location, and subject matter of the hearing was mailed to Morin on January 12, 2009. The notice of hearing warned that "[f]ailure to appear may result in denial of benefits,

1

increased unemployment insurance taxes and loss of any right of further legal review."

Morin did not appear at the scheduled hearing. The administrative hearing officer took the testimony of Barbara and Harvey Melnick, co-owners and officers of IDBI, Inc., who represented the employer. Based on their testimony the hearing officer found that there had been "ongoing lapses on [Morin's] part with regard to attendance . . . [and an] overall recurring neglect to perform with due diligence reasonable and proper duties assigned to her." The hearing officer also found that the employer had "established by a preponderance of the evidence the elements of the presumptions of misconduct set out in § 1043(23)(A)(1) and/or (9)." Since Morin did not appear to present opposing testimony, the hearing officer concluded that Morin had committed misconduct in her work and a "culpable breach" of her employment duties. The officer found that Morin had been discharged for misconduct as defined by 26 M.R.S.A. § 1043(23) and was thus ineligible to receive unemployment benefits. The $3,540.00 in benefits that she had already received was deemed an overpayment.

On March 3, 2009 Morin appealed the decision to the Unemployment Insurance Commission, requesting a new hearing on the grounds that illness had prevented her from attending the scheduled hearing. The Commission affirmed and adopted the decision, noting that Morin had not identified the nature of her illness and that her case might receive further consideration if she supplied more information. On April 13, 2009 Morin sought reconsideration, this time including physician's letters. The letters indicated that around the time of the initial

hearing Morin was being treated for depression, which inhibited her ability "to attend to her own affairs."

On May 21, 2009 the Commission re-affirmed the decision and determined that no further hearings were warranted, but did not explain its reasoning. Morin again sought reconsideration, arguing that she had demonstrated good cause excusing her failure to appear at the initial hearing pursuant to Rules Governing Adjudicatory Proceedings, Ch. 5, § 1(B)(1) (2002). The Commission again re-affirmed the decision. On July 7, 2009 Morin filed this appeal pursuant to M.R. Civ. P. 80C.

## DISCUSSION

When an agency's decision is appealed pursuant to M.R. Civ. P. 80C, this Court directly examines the record before the agency and reviews its decision for errors of law, "giving great deference to the [agency's] interpretation of its own regulations." *Farley v. Maine Unemployment Ins. Comm'n*, 624 A.2d 1233, 1234 (Me. 1993). "The [Unemployment Insurance] Commission's rules provide for a default when a party fails to attend a benefits hearing unless the party can show good cause." *Id.* (citing Rules Governing Adjudicatory Proceedings, Ch. 5, § 1(B)(1) (1991)). On a written request for determination of good cause, the Commission may hold a good cause hearing. Rules Governing Adjudicatory Proceedings, Ch. 5, § 1(B)(1)(b) (2002). "If the Commission determines that good cause exists, it will conduct a hearing on the underlying substantive issues." *Id.* If good cause does not exist, the Commission will not re-examine the substantive issues. *Id.* at § (1)(B)(1)(c).

3

"Good cause" includes instances where "the unemployed individual is ill . . . or other cause[s] of a necessitous and compelling nature." Rules Governing Adjudicatory Proceedings, Ch. 1, § 1(T) (2002). Morin argues that she was unable to attend her benefits hearing due to being ill with depression, constituting good cause under the rule. Morin supports her position with two brief letters from her doctors, each indicating that Morin was suffering from depression when the hearing was held in February 2009. The Commission examined Morin's evidence twice, but still chose to affirm and adopt the administrative hearing officer's decision. In its own decisions, the Commission wrote only that it "reviewed the record in this case and . . . determined that further hearing is not warranted." By implication the Commission must have determined that Morin failed to establish good cause for her absence at the hearing, but the Commission gives no indication as to why.

"Every agency decision made at the conclusion of an adjudicatory proceeding shall . . . include findings of fact sufficient to apprise the parties and any interested member of the public of the basis for the decision." 5 M.R.S.A. § 9061 (2009). The record on this appeal does not indicate the basis on which the Commission determined that Morin did not have good cause for missing her hearing. Morin has produced evidence indicating that she was ill at the time of the hearing, and illness is listed as a good cause in the Commission's rules. The Commission's decision does not disclose an adequate basis for this Court to determine why Morin's prima facie showing of good cause was insufficient.

The Commission argues that there is substantial evidence on the record showing that Morin was in fact dismissed for misconduct, and that the Commission is not obligated to provide her with a good-cause hearing. Both

4

arguments miss the mark. The issue on this appeal is not whether the hearing officer's determination was correct, or whether the Commission improperly denied Morin a good-cause hearing. The issue here is whether Morin showed good cause for missing the hearing on February 2, 2009. While the Commission does not have to provide Morin with a good-cause hearing, it is obligated to provide some basis for its determination that she did not show good cause. 5 M.R.S.A. § 9061 (2009).

## The entry is:

The Commission's decision is **vacated**, and on **remand** the Court requests that the Commission make additional findings of fact explaining why Morin has or has not shown good cause justifying a new hearing on the substantive issues of her case.

DATE: December 3, 2009

Roland A. Cole
Justice, Superior Court

5

Date Filed  07-07-09          CUMBERLAND          Docket No.  AP-09-27
                                County

Action      80C APPEAL


KIMBERLY A. MORIN                    UNEMPLOYMENT INSURANCE COMMISSION
232 BANCROFT STREET
PORTLAND, ME 04102

                                vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| PRO SE | ELIZABETH WYMAN AAG |
| ELIZABETH STOUDER ESQ(employer: IBDI Inc. dba Aucocisco School | |

Date of
Entry