STATE OF MAINE
OXFORD, ss.

SUPERIOR COURT
Docket No. AP-10-02
RWC - O'7 · ...

MATTHEW T. DAVIE,

Petitioner

v.

**DECISION AND ORDER**

UNEMPLOYMENT INSURANCE
COMMISSION, STATE OF MAINE

Respondent

Petitioner Matthew Davie appeals the Maine Unemployment Insurance Commission's determination that he is not eligible for unemployment benefits because he refused an offer of suitable work for which he was reasonably fitted, resulting an overpayment of $13,020. For the reasons discussed below, the court affirms the Commission's decision.

## I. BACKGROUND

Goodwin Motor Group employed Davie as a full-time technician at its automotive service center from February 19, 2007, until January of 2009. When Davie was initially hired he was paid an hourly wage of $12. After receiving an ASC master technician certificate, Davie became a flat-rate hourly employee, meaning that he was paid a flat hourly rate for each repair job depending on the number of hours that each job should take. Davie's flat rate was $14 an hour. After the switch to the flat-rate system, Davie saw a decrease in his wages due to a lack of work at Goodwin.



RECEIVED

Oxford Superior Court

In January of 2009, Goodwin terminated Davie due to lack of work.[1]  On February 13, 2009, and February 17, 2009, Goodwin's service manager called Davie and left messages for Davie to call back regarding reemployment.  Davie did not return either of these calls.  On February 19, 2009, Goodwin, on the advice of the Maine Department of Labor, sent Davie a certified letter asking him to contact Goodwin regarding possible reemployment.  On February 23, 2009, Davie called Goodwin's service manger.  The service manager would not discuss the exact terms of the reemployment over the phone, but set up an appointment to meet with Davie in person on February 25, 2009.  After speaking with a technician who still worked for Goodwin, however, and learning that business was still slow, and after considering that he was collecting more in unemployment benefits than he would make if he worked for Goodwin, Davie decided not to attend the meeting.  Davie has had no further contact with Goodwin outside of these appeals.

On March 13, 2009, Goodwin submitted a statement to the Department of Labor stating that Davie refused an offer of work.  On April 29, 2009, a deputy for the Maine Department of Labor found that Davie was not entitled to benefits as of February 8, 2009.  Davie appealed, and a hearing was held before the Division of Administrative Hearings on June 16, 2009.  The hearing officer set aside the deputy's decision on the ground that Davie had not received an offer of suitable work.  Goodwin appealed the hearing officer's decision to the Commission.  Following a hearing on September 15, 2009, the Commission issued a decision on October 29, 2009.  Concluding that Davie refused an offer of suitable work, the Commission vacated the decision of the hearing officer.  Davie requested reconsideration of the Commission's decision, which was

---

[1]  At this time Davie had been considering quitting, and felt fortunate that he was laid off instead.

2

denied without further hearing on December 15, 2009. Davie now appeals to this court pursuant to Rule 80C.

## II. DISCUSSION

In reviewing a decision of the Maine Unemployment Insurance Commission, the court must determine whether the record contains competent evidence to support the findings of the Commission. *Spear v. Me. Unemployment Ins. Comm'n*, 505 A.2d 82, 84 (Me. 1986). The court will affirm the Commission's decision if it is supported by substantial evidence on the whole record. *Id.*; 5 M.R.S.A. § 11007(4)(C)(5) (2009). The court generally gives "great deference to the [agency's] interpretation of its own regulations." *Farley v. Me. Unemployment Ins. Comm'n*, 624 A.2d 1233, 1234 (Me. 1993).

"Maine's unemployment compensation law provides that 'an individual shall be disqualified for benefits . . . for the duration of his unemployment subsequent to his having refused to accept an offer of suitable work for which he is reasonably fitted . . . .'" *Clarke v. Me. Unemployment Ins. Comm'n.*, 491 A.2d 549, 551 (Me. 1985) (citing 26 M.R.S.A. § 1193(3)). The agency's assessment of the suitability of a proffered position rests on an evaluation of all the factors included in section 26 M.R.S.A. § 1193(3). Those factors include: "the degree of risk involved to his health, safety and morals, his physical fitness and prior training, his experience and prior earnings, his length of unemployment and prospects for securing local work in his customary occupation, and the distance of the available work from his residence . . ." 26 M.R.S. § 1193(3)(A). No single factor is determinative. *Clarke*, 491 A.2d at 551. "'The question of the suitability of the work offered in a given case is one of fact and the [Commission's] determination of that fact . . . cannot be attacked . . . if it is sustained by

3

competent evidence.'" *Id.* (*citing Lowell v. Me. Employment Sec. Comm'n*, 159 Me. 177, 183-84, 190 A.2d 271, 274 (1963)).

The Commission appears to have correctly applied the law. On appeal from the decision of the hearing officer, the Commission held a hearing, heard testimony, and considered the evidence contained in the record. After considering all of the relevant evidence, and in light of the factors outlined in 26 M.R.S.A. § 1193(3)(A), the Commission set aside the hearing officer's decision. The Commission found that had Davie attended the February 2009 meeting he would have been offered suitable work given his prior training, experience, and earnings, and that by failing to do so, Davie effectively refused an offer of suitable work. Moreover, that the job that Davie would have been offered was suitable is demonstrated by the fact that it was same position as he had previously held with Goodwin. *See Clarke*, 491 A.2d at 553.

Davie contends that an offer to return to the same position would have been unsuitable because of Goodwin's "convoluted methods of payment for service technicians." The Commission correctly determined that this is not a situation where Davie voluntarily left his employment prior to being laid off because of his dissatisfaction with the conditions of his employment. Therefore, 26 M.R.S.A. § 1193(3)(B)(4) does not apply. *See, e.g., Proctor v. Me. Employment Sec. Comm'n*, 406 A.2d 905, 907 (Me. 1979). Accordingly, the Commission did not err in applying only 26 M.R.S.A. § 1193(3)(A) in making its determination.

### III. CONCLUSION

The Commission did not err in finding that Davie refused to accept an offer of suitable work for which he was fitted. Accordingly, the decision of the Commission must be affirmed.

4

The entry is:

Appeal DENIED. Decision of the Maine Unemployment
Insurance Commission AFFIRMED.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this

Decision and Order by reference in the docket.

Dated: July 20, 2011

Robert W. Clifford,
Active Retired Justice