STATE OF MAINE                                          SUPERIOR COURT
CUMBERLAND, ss.                                         Docket No. AP-12-21


KATHERINE NOILES,

       Petitioner


   v.                                              **DECISION AND ORDER**


STATE OF MAINE
Cumberland ss Clerk's Office

May 2? 2012

RECEIVED

UNEMPLOYMENT INSURANCE
COMMISSION, STATE OF MAINE

       Defendant


Petitioner Katherine Noiles appeals from the decision of the Maine Unemployment Insurance Commission denying her request for reconsideration, and affirming the Administrative Hearing Officer's determination that the claimant was disqualified from receiving unemployment benefits because she was not able and available for work within the meaning of 26 M.R.S. § 1192(3) (2011).

## BACKGROUND

Noiles worked as a full-time accountant. On October 9, 2011 Noiles voluntarily left her position because of chronic lower back pain that limits her ability to sit, stand or walk for longer than two hours at a time. Noiles asked her former employer if she could work part-time but the employer was unable to accommodate her request, as the accountant position was full-time. Although Noiles is trained as an accountant she believes that she may be able to do office work. She has been seeking without success part time-work that would require her to work no more than one or two hours per day.

Ms. Noiles has been diagnosed as suffering from a degenerative disk disease and arthritis in the hip. To manage her pain, Ms. Noiles takes painkillers on a daily basis and receives injections every three to four months, but acknowledges that she is not able to take the pills when she works. As a result of her severe pain and permanent disability, Ms. Noiles' doctor does not want her to work at all.

After Noiles voluntary left her job on October 9, 2011 she applied for unemployment compensation benefits. A fact-finding interview with Noiles was conducted on October 28, 2011 by the Maine Department of Labor. The deputy decision, issued November 1, 2012, concluded that Noiles was not able and available for work and thus was denied benefits "from 10/09/2011 until [Noiles] [is] able to work." Noiles appealed to the Division of Administrative Hearings and a telephonic hearing was held on November 22, 2011. After the telephonic hearing, at which Noiles offered testimony, the Administrative Hearing Officer issued a decision November 29, 2011, that concluded Noiles was not able and available for work within the meaning of 26 M.R.S. § 1192(3) (2011) and did not qualify for benefits. Noiles appealed to the Unemployment Insurance Commission (Commission). On January 9, 2012, after a review of the record, the Commission affirmed and adopted the Administrative Hearing Officer's findings of fact issued on November 29. On January 17, 2012 Noiles filed a request for reconsideration. On March 5, 2012, after a review of the record in the case, the Commission determined a further hearing was not warranted, and voted to affirm and adopt the Commission decision issued on January 9, 2012.

Noiles now appeals to this court pursuant to Rule 80C.

## DISCUSSION

### I. Standard of Review

When acting as an appellate body pursuant to M.R. Civ. P. 80C, the court directly examines the record before the agency and reviews its decision for errors of law, findings not supported "by substantial evidence on the whole record," or other indications that the decision was "[a]rbitrary or capricious or characterized by abuse of discretion." 5 M.R.S. § 11007(4)(C) (2011); *see also* 5 M.R.S. § 11006(1) (2011) ("Judicial review shall be confined to the record upon which the agency decision was based . . ."). The court generally gives "great deference to the Commission's interpretation of its own regulations." *Farley v. Maine Unemployment Ins. Comm'n*, 624 A.2d 1233, 1234 (Me. 1993). Accordingly, this court's "review of the Commission's decision is limited to determining whether the Commission correctly applied the law and whether its fact findings are supported by any competent evidence." *McPherson Timberlands v. Unemployment Ins. Comm'n*, 1998 ME 177, ¶ 6, 714 A.2d 818, 820 (citing *Outdoor World Corp. v. Maine Dept. of Labor, Unemployment Ins. Comm'n*, 542 A.2d 369, 371 (Me. 1988)). The court "will not disturb a decision of the Commission unless the record before the Commission compels a contrary result." *Id.*

### II. Able and Available for Work

Maine's Employment Security Law states that an unemployed individual is eligible for benefits only if,

> The individual is *able to work and is available for full-time work* at the individual's usual or customary trade, occupation, profession or business or in such other trade, occupation, profession or business for which the individual's prior training or experience shows the individual to be fitted or qualified; and . . . is actively seeking work in accordance with the regulations of the commission . . .

3

26 M.R.S. § 1192(3) (2011) (emphasis added). All the evidence supports the conclusion that Noiles is not able or available for full-time work. Regardless of what work she does, at most Noiles is able to work one to two hours and that is against doctor's orders that she not work at all.

Chapter 9 of the Rules of the Commission, Able and Available Requirements, addresses the factors to be considered when presented with the question whether an individual is able and available to work. Its rules in relevant part state:

1. ABILITY TO WORK
    A. ABLE TO WORK
    When a claimant has physical or mental limitations which restrict the types of work which he is able to perform, the extent of the restrictions must be examined carefully. In such situations, the deputy will consider, but will not be limited to, the following factors on a case-by-case basis:
    1. The claimant's usual or customary occupation;
    2. The nature of the restrictions;
    3. Whether or not the claimant is qualified, by education, or by training and experience, to perform work within the restrictions which is less physically strenuous or mentally demanding;
    4. The extent to which work is available, in the local area, which is within the claimant's ability, and
    5. The claimant's willingness to enter a new field that does not need extensive prior training and experience.
2. AVAILABILITY FOR WORK
    In order to be considered to be "available for work," a claimant must be "attached to the labor market." This means that he must be ready and willing to accept work for which he is qualified under the conditions which would normally be associated with the labor market. He must be available to work in locations in which, and during the hours in which, he could reasonably be expected to be employed. The deputy will take into consideration, but will not be limited to, the following factors on a case-by-case basis:
    A. HOURS
    In order to meet the availability for work requirements of the Employment Security Law, a claimant must be available to accept work during the hours which are customary for the trade or occupation in which he usually works or for the trade or occupation in which he has prior training or experience…

12-172 C.M.R. ch. 9 §§ 1, 2 (2012).

Here, the Commission committed no error in applying the controlling law. The hearing

4

officer, whose decision was adopted by the Commission, produced an opinion stating her finding that Noiles was "not able and available for work within the meaning of Section 1192(3)" because of her "inability to work more than one or two hours a day is a serious restriction on the type of jobs that may be available in the labor market." The court concludes that the hearing officer decision, and subsequent adoption by the Commission, is supported by competent evidence. *Stubbs v. Bartlett,* 478 A.2d 690, 694 (Me. 1984) (stating "[d]isability resulting from personal injury is totally consistent with ineligibility for unemployment compensation."). The evidence in this case shows that Noiles is unable to perform the work of a full time accountant because of her disabilities. Although, Noiles continues to express a willingness to do other full time work, she acknowledges that she is not able to sit for more than one or two hours per day, making it difficult to find full time or part time employment. Accordingly, the court concludes that the Commission's findings are supported by credible evidence and do not compel a contrary result

The entry is:

> Petitioner's appeal is denied. The decision of the
> Unemployment Insurance Commission is affirmed.

November 19, 2012

Joyce A. Wheeler
Superior Court Justice

5