**Gregory M. HEAL**

v.

**MAINE EMPLOYMENT SECURITY COMMISSION and Smith Insulation Co., Inc.**

Supreme Judicial Court of Maine.

Argued June 15, 1982.

Decided July 22, 1982.

Richard Petersen, P. A. (orally), Bangor, for plaintiff.

James E. Tierney, Atty. Gen., Susan P. Herman, Asst. Atty. Gen. (orally), State of Maine Dept. of Manpower Affairs, Employment Sec. Com'n, Augusta, for defendant.

Before McKUSICK, C. J., NICHOLS, CARTER, VIOLETTE and WATHEN, JJ., and DUFRESNE, A. R. J.

WATHEN, Justice.

Plaintiff appeals from a Superior Court (Kennebec County) judgment affirming a decision of the Maine Employment Security Commission. We find that the agency's denial of unemployment benefits was erroneously based upon inadmissible evidence and we reverse.

At the initial hearing on plaintiff's unemployment compensation claim a deputy of the Employment Security Commission found that plaintiff had been discharged from employment because of misconduct. Pursuant to 26 M.R.S.A. § 1193(2)[1] (Supp. 1981), the deputy ordered plaintiff disqualified from receiving benefits until he had earned a total of $360.00 in another employment position. Plaintiff promptly appealed to the Commission Appeal Tribunal.

At the commencement of the hearing before the Tribunal the examiner informed plaintiff that the employer was not present and that "their testimony will be taken at a later date at a more convenient location." He then read into the record and marked as agency exhibits two written statements which were identified as reports from the employer. These documents stated that plaintiff had been fired because he had been involved in an accident while driving a company-owned truck without authorization. Plaintiff was the only witness at the hearing. He testified that he had been using the company truck for about a month prior to the accident. He admitted that he did not have written permission to use the truck, but testified that "it was understood between us [plaintiff and his employer] that I was using the truck, to go back and forth to work." At the time of the accident, plaintiff was living with his employer. Plaintiff testified that he was not charged

---

**1.** 26 M.R.S.A. § 1193(2) provides that an employee shall be disqualified from receiving benefits in several situations, one of which is:

    *2. Discharge for misconduct.* For the week in which he has been discharged for misconduct connected with his work, if so found by the deputy, and disqualification shall continue until claimant has earned 4 times his weekly benefit amount in employment by an employer.

    *A.* For the duration of any period for which he has been suspended from his work by his employer as discipline for misconduct, if so found by the commission, or until the claimant has earned 4 times his weekly benefit amount in employment by an employer.

with any traffic violations as a result of the accident, but his employer did file a complaint with police alleging that plaintiff had taken without authority a company vehicle. Plaintiff subsequently pled nolo contendere to the charge of unauthorized theft of a motor vehicle.

At the close of the hearing, the examiner stated that he would render a decision as soon as the employer's testimony was received. A hearing was scheduled for April 15, 1980, at which time the employer failed to appear. The Appeal Tribunal rendered a decision denying benefits one week later without receiving further evidence. The Appeal Tribunal found that the plaintiff had been discharged for misconduct[2] and was therefore disqualified from receiving benefits.

Plaintiff's seasonable appeal to the full Commission resulted in an affirmance of the Appeal Tribunal's decision.

The appeal before this Court raises two issues: whether the Commission acted improperly in considering the reports of the employer, and whether there is sufficient evidence to support the decision. We find that the reports were improperly admitted into evidence and, since there is no other evidence of misconduct in the record, the Commission's decision must be reversed.

Evidentiary matters in administrative proceedings are governed by 5 M.R.S.A. § 9057 (1979):

*§ 9057. Evidence*

*1. Rules of privilege.* Unless otherwise provided by statute, agencies need not observe the rules of evidence observed by courts, but shall observe the rules of privilege recognized by law.

*2. Evidence.* Evidence shall be admitted if it is the kind of evidence upon which reasonable persons are accustomed to rely in the conduct of serious affairs.

Agencies may exclude irrelevant or unduly repetitious evidence.

*3. Witnesses.* All witnesses shall be sworn.

*4. Prefiling testimony.* Subject to these requirements, an agency may, for the purposes of expediting adjudicatory proceedings, require procedures for the prefiling of all or part of the testimony of any witness in written form. Every such witness shall be subject to oral cross-examination.

*5. Written evidence; exception.* No sworn written evidence shall be admitted unless the author is available for cross-examination or subject to subpoena, except for good cause shown.

The Commission argues that the two reports of the employer were shown to be the kind of evidence upon which reasonable persons are accustomed to rely in the conduct of serious affairs, and were therefore properly admitted into evidence. We disagree.

■ The "reports" consist of two agency forms, identified as exhibits 2 and 4 in the hearing below. Exhibit 2, though prepared prior to the issuance of the deputy's decision, is entitled "Statement Supporting Deputy's Findings of Fact." It contains the printed language "I HEREBY DECLARE THAT:" followed by a handwritten account of what purports to be the employer's version of the events preceding plaintiff's discharge. The record contains no specific information as to how this document came to be prepared or who prepared it. The content of the report suggests that it was prepared by one "G. Robertson", presumably a deputy of the Commission, who took the employer's statement over the telephone and then signed the employer's name, on behalf of the corporate president. Although the form attestation clause is not completed, G. Robertson purports to have witnessed the statement taken by telephone.

---

**2.** Section 1043(23) of 26 M.R.S.A. defines misconduct as follows:

*23. Misconduct.* "Misconduct" means conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has a right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.

Exhibit 4, entitled "Requalification Earnings Report", is a letter from the Commission to the employer, requesting certain information regarding plaintiff's work history. In a box designated "Reason for Separation," there appears the handwritten response "Fired. Unauthorized use of company vehicle causing extensive damage in an accident." In the space provided for the employer's signature, there appears the signature "Robert L. Smith, President." The form contains no witness or attestation clause.

Section 9057(2) of Title 5 allows the introduction of hearsay under specified conditions. We are not confronted with the issue of whether hearsay may form the basis for the Commission's decision, cf. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), but whether these two reports could be found to be admissible under the statute. The record provides no foundation for the Commission's unarticulated but implicit conclusion that this evidence is of the kind upon "which reasonable persons are accustomed to rely in the conduct of serious affairs." 5 M.R.S.A. § 9057(2). The only factual foundation for the Commission's conclusion on this record is the contested documents. There is no other evidence in the record describing the circumstances under which the statements were obtained. The documents on their face do not supply any assurance of reliability. At best each document is a second or third-hand hearsay account of the crucial fact in litigation. The statements are unsworn, and the identity of the hearsay informant is uncertain, and the extent of the informant's personal knowledge is unknown. It was error for the Commission to conclude that reasonable people would rely on these documents in the conduct of their serious affairs.

■ Since there is no evidence in the record to support the Commission's decision other than the two improperly admitted documents, we sustain plaintiff's appeal for lack of substantial evidence, and reverse.

The entry is:

Appeal sustained; the judgment of the Superior Court is reversed; case remanded to the Superior Court for remand to the Employment Security Commission with instructions to remove the disqualification based on misconduct and to reinstate plaintiff's eligibility for benefits.

All concurring.