STATE OF MAINE

KENNEBEC, ss.

JOHN R. FRENCH,

      Petitioner

v.

MAINE UNEMPLOYMENT
INSURANCE COMMISSION,

      Respondent

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-02-62
DFM-KEN- 5/s, oc

**DECSION AND ORDER**

DONALD L. GARBRECHT
LAW LIBRARY

MAY 28 2003

This matter is before the court on petition for review of final agency action in accordance M.R. Civ. P. 80C. In his petition, the petitioner asserts that the respondent reversed a decision of an Administrative Hearing Officer thereby disqualifying the petitioner from receiving benefits under the Maine Employment Security Law, 26 M.R.S.A. 1041 *et seq.* The Commission also denied petitioner's request for reconsideration and affirmed its prior decision.

The petitioner was employed as a computer technician for E.J. Prescott, Inc. ("employer") in September of 1997 until he was discharged in December 2001. The company utilizes an employee handbook and the policy was for all employees to be given a copy at time of hire. The handbook contained a policy regarding "moonlighting:"

> While it is not the intent of the company to violate the private rights of its employees outside regular working hours, outside employment is contrary to the best interests of the company and, as a matter of policy, will be discouraged for full time employees. Outside employment, which interferes with the normal duties of any employee or potentially exposes the firm to professional or general liability will not be permitted and may be cause for dismissal.

In its decision, a majority of the Commission found that the claimant was discharged for misconduct connected with his work contrary to the conclusions of the Administrative Hearing Officer who found the petitioner was discharged but not for misconduct. The Commission determined that the claimant violated the employer's moonlighting policy by doing work for two outside entities, developing a website for one company and performing computer system software installation for another. The computer system work is alleged to have been comprised of the installation of the employer's software operating program on an office system company's computer system, in violation of the licensing agreement of the petitioner's employer. Evidence relating to the petitioner's work on a website for another company on the employer's computer was provided by observations of supervisors of the employer. Evidence of the installation of the software program in violation of the employer's licensing agreement was provided by employees and officers of the company for which petitioner is alleged to have made the installation.

The court's review of the Commission's decision is to determine whether "there exists any competent evidence to support the findings and then ascertain whether upon those findings the applicable law has been correctly applied." *Lewiston Daily Sun v. Maine Unemployment Ins. Comm'n*, 733 A.2d 344 (Me. 1999). The Commission's findings of fact must be supported by substantial evidence. *Id.* Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support the resultant conclusion." *Heal v. Maine Employment Sec. Comm'n*, 447 A.2d 1223 (Me. 1982). The court should not disturb the decision of the Commission "unless the record before the Commission compels a contrary result." *McPherson v. Maine Unemployment Ins. Comm'n*, 714 A.2d 818 (Me. 1998). The Commission's findings of fact should be reversed on appeal only if the court finds they are unsupported by substantial evidence

2

in the whole record." 5 M.R.S.A. § 11007(4)(C)(5). The court may not substitute its judgment for that of the agency merely because the evidence would give rise to more than one result. *Dodge v. Secretary of State*, 526 A.2d 583 (Me. 1987). "The burden of proof clearly rests with the party seeking to overturn the decision of an administrative agent." *Seven Islands Land Co. v. Maine Land Use Regulatory Comm'n*, 450 A.2d 475 (Me. 1982). When conflicting evidence is presented, such conflicts are for the factfinder to resolve. *Bean v. Maine Unemployment Ins. Comm'n*, 485 A.2d 630 (Me. 1984).

An individual discharged from employment is eligible for unemployment compensation subject to the eligibility requirements of 26 M.R.S.A. § 1192. The employee is disqualified from receiving unemployment benefits if he was discharged for misconduct. 26 M.R.S.A. § 1193(2). Misconduct is defined by the Employment Security Law as:

> [A] culpable breach of the employee's duties or obligations to the employer or a pattern of irresponsible behavior, which in either case manifests a disregard for a material interest of the employer. This definition relates only to an employee's entitlement to benefits and does not preclude an employer from discharging an employee for actions that are not included in this definition of misconduct. A finding that an employee has not engaged in misconduct for the purposes of this chapter may not be used as evidence that the employer lacked justification for the discharge.

26 M.R.S.A. § 1043(23).

An employer has the burden of proving that an employee's conduct meets the statutory definition of misconduct. *Sprague Electric Co. v. Maine Unemployment Ins. Comm'n*, 526 A.2d 618 (Me. 1988). The Commission must engage in a two-step analysis to determine misconduct: "(1) the employer must have a reasonable standard for discharge and (2) the employee must have acted unreasonably in failing to meet that standard." *Forbes-Lilley v. Maine Unemployment Ins. Comm'n*, 643 A.2d 377 (Me. 1994). In determining whether the employee's behavior constitutes misconduct, the

3

Commission may not treat the fact that the employee has violated the employer's rule or a provision of a collective bargaining agreement as sufficient, without more, to establish statutory misconduct. *Moore v. Maine Department of Manpower Affairs*, 388 A.2d 516 (Me. 1978). The Commission must determine whether the conduct of an employee is, "upon an objective standard, unreasonable under all of the circumstances of the case." *Id.* There is no requirement to show that the employee had a subjective intent to disregard the employer's interest. *Thompson v. Maine Unemployment Ins. Comm'n*, 448 A.2d 905 (Me. 1982).

Finally, misconduct is not disturbed on appeal if the Commission could have justifiably determined that the employee's conduct was of a type, degree or frequency that was so violative of the employer's interests that it "may reasonable be deemed tantamount to an intentional disregard of those interests." *Forbes-Lilley*, 643 A.2d at 379. The remedial nature of the Employment Security Law dictates a liberal construction in the employee's favor. Any disqualification, being penal in nature, must be strictly reviewed. *Brousseau v. Maine Employment Sec. Comm'n*, 470 A.2d 327 (Me. 1984).

The petitioner argues the Commission erred in concluding that the moonlighting policy was effectively communicated to him. He argues that the Commission reached a conclusion without properly weighing the evidence relied on by the Hearing Officer and without asking the petitioner for an explanation or for his understanding of the policy. Secondly, the petitioner argues that the employer failed to meet its burden of proving misconduct by failing to prove that it owned the software downloaded onto another company's computer. Third, the petitioner argues that his alleged work on the other company's website was cause for his discharge alleging that this activity was not even deemed a problem until "dug" up to justify the discharge based upon downloading the software. Finally, petitioner argues that there is no evidence to

4

support a finding that he continued to work on the website after being instructed not to do so.

The gravamen of petitioner's complaint is that the employer failed to meet its burden of proof based upon the quality of evidence upon which the Commission relied. Basically, he complains that, at the time of firing, the employer did not have in his possession the disk containing the software which was the subject of the licensing agreement violation, had not examined the disk and, therefore, was relying solely upon the oral assertions of an officer of the complaining company that they had in their possession a disk which was the property of the petitioner containing the software, property of the employer. This, then, reduces this review to the level and quality of evidence upon which the Commission should be expected to rely in accordance with law in order to meet a standard of substantial evidence to support its decision.

5 M.R.S.A. § 9057(2) provides:

Evidence shall be admitted if it is the kind of evidence upon which reasonable persons are accustomed to rely in the conduct of serious affairs. Agencies may exclude irrelevant or unduly repetitious evidence.

This language is a standard of admissibility rather than a standard of quantity sufficient to support a decision. The court must examine the record to determine whether there is substantial evidence defined as "such relevant evidence as a reasonable mind might accept as adequate to support the resultant conclusion." *Lewiston Daily Sun v. Maine Unemployment Ins. Comm'n*, 733 A.2d 344 (Me. 1999) citing *Crocker v. Maine Unemployment Sec. Comm'n*, 450 A.2d 469 (Me. 1982). At the hearing before the Commission, the Chairman made it clear that it would not rehear evidence submitted to the Administrative Hearing Officer and made rulings accordingly. Therefore, the court must examine the Administrative Hearing Officer proceedings as well as the Commission proceedings.

The vice president of the employer testified that invoices were found at the petitioner's desk after he left the company indicating work performed by petitioner for a cleaning company. In addition, the employer's vice president also testified that he was told by petitioner's supervisor that files of the cleaning company appeared on petitioner's desktop. The supervisor told the vice president that he instructed the petitioner to remove them from his computer, which apparently was not done. He further testified that he was told that the president of the employer received a call from a personal friend who was president of the office systems company that they had found a disk that had been prepared by the petitioner and upon examination it contained the employer's logo and license number. The vice president of the employer further testified as to documents received from the office systems company which the petitioner alleged were fabricated. It is undisputed that the petitioner was terminated prior to the disk being delivered to the employer from the office systems company. Therefore, no representative of the employer examined the disk. The employer relied solely upon the statement by the officer of the officer systems company.

The president of the office system company testified that the petitioner did work for her company in 1999 and 2000. She testified that while updating her company's system in early December of 2001, a technician discovered a disk. The disk was marked "E.J.P." The disk was in a case. The president testified that the technician who gave her the disk and the case told her it looked as though it had been downloaded into the office systems computer system. On that basis, she testified she called the president of the employer to advise him of what had been found. The witness testified that she was on her way out-of-town and did not return for three days at which time she gave copies of "bills and checks, and the disk, to my sales manager, Greg Wright, and he hand delivered them down to E.J. Prescott."

6

It appears from an examination of the full scope of evidence, that there is sufficient corroborating circumstantial evidence to clearly establish that the office systems company had in its possession a disk containing a software program licensed to the employer and utilized in the petitioner's work on behalf of the office systems company. However, the only information available to the employer at the time it fired the petitioner was the statement by the president of the office systems company that she had physical evidence in her possession and was told that it was part of the petitioner's work. Further, the only evidence in the possession of the employer at the time of the firing was a statement by a supervisor to a vice president of the failure to remove a private work file from the petitioner's computer. Can the Commission rely upon physical evidence found after the firing to justify the firing where such evidence had not been utilized by the employer to make its decision? Is the hearsay evidence upon which the employer relied sufficient to constitute substantial evidence of the kind upon which reasonable persons are accustomed to rely in the conduct of serious affairs?

Much of the petitioner's testimony in the two proceedings is founded upon his denial of certain knowledge, his inability to remember many important facts and his assertion of the possibility of fabrication of physical evidence.[1] None of this seems to have risen to the level of denial that he did work for the office systems company and that a file was left on his computer notwithstanding instructions from the supervisor. While the burden is on the employer to establish misconduct, this court is not aware of any basis upon which the testimony of the employee cannot be considered in meeting that burden.

---

[1] During the vice president's testimony, the policy handbook was accepted into evidence with comments by the petitioner that he had never seen it. A copy signed by petitioner in 2000 was admitted.

In challenging the quality of the evidence, petitioner relies upon *Heal v. Maine Employment Sec. Comm'n*, 447 A.2d 1223 (Me. 1982). In that case, the Commission made its decision based upon an unsworn statement written by an employee of the Commission from information taken over the phone from the employer and where the employer did not appear at the scheduled hearing and no other information, except the testimony of the employee, was considered. *Heal v. Maine Employment Sec. Comm'n* also interprets 5 M.R.S.A. § 9057(2) to allow the introduction of hearsay under specified conditions. 447 A.2d at 1226. Does a phone call from the president of a business corporation to the president of an employer business corporation provide sufficient substantial evidence that a reasonable mind might accept the information as adequate to support the resultant conclusion? It is this court's conclusion that the answer is negative. Were this case to be decided on the day of the firing, this court would not be satisfied that the phone call constituted sufficient evidence to justify a finding of misconduct on the part of the petitioner such that would support the firing on those grounds. However, this court reviews the evidence available to and considered by the Commission and is satisfied that the petitioner was aware of the moonlighting policy both from its likelihood of being communicated to the petitioner by the manual as well as reinforced by the supervisor's admonition and his actual violation of the employer's licensing agreement by utilization of its software in performing services for another company as substantial evidence supporting the decision by the Commission made in accordance with law.

The entry will be:

      The decision of Maine Unemployment Insurance Commission No. 02-C-02609 of July 24, 2002, in the matter of John R. French is AFFIRMED.


Dated: May____5____, 2003

Donald H. Marden
Justice, Superior Court

Date Filed __9/9/02__ _____Kennebec_____ Docket No. ____AP02-62____
                                    County

Action ____80C Appeal____

                                              **J. MARDEN**

   John French                          Maine Unemployment
                                        Insurance Commission

                                    vs.

Plaintiff's Attorney                | Defendant's Attorney

John Lemieux, Esq.                  | Elizabeth H. Wyman, AAG
PO Box 68                           | Pamela W. Waite, AAG
Readfield  ME  04355                | 6 State House Station
                                    | Augusta, Maine  04333-0006

| Date of Entry | |
|---|---|
| 9/12/02 | Petition for Review of Final Agency Action, filed.  s/J. Lemieux, Esq. (filed 9/9/02)<br>Case file Notice issued to J. Lemieux, Esq. |
| 10/1/02 | Letter entering appearance, filed. s/Wyman, AAG |
| 10/7/02 | Administrative Record, filed. s/Wyman, AAG  **(in vault)** |
| 10/9/02 | Notice of briefing schedule mailed to attys of record. |
| 11/18/02 | Petitioner's Memorandum, filed. s/Lemieux, Esq. |
| 12/20/02 | Brief of Respondent Maine Unemployment Insurance Commission, filed. s/E. Wyman, AAG |
| 1/3/03 | Petitioner's Reply Memorandum, filed. s/Lemieux, Esq.<br><br>Notice of setting for ___4/1/03___<br><br>sent to attorneys of record. |
| 4/1/03 | Hearing had on oral arguments with Hon. Justice Donald Marden, presiding. John Lemieux, Esq. for the Plaintiff and Elizabeth Wyman, AAG for the State.<br>Oral arguments made to the court.<br>Court to take matter under advisement. |
| 5/6/03 | DECISION AND ORDER, MARDEN, J.<br>    The decision of Maine Unemployment Insurance Commission No. 02-C-02609 of July 24, 2002, in the matter of John R. French is AFFIRMED.<br>Copies mailed to attys of record.<br>Copies mailed to Deborah Firestone, Garbrecht Library and Goss.<br>Notice of removal of record mailed to attys. |