1999 ME 90

**LEWISTON DAILY SUN**

v.

**UNEMPLOYMENT INSURANCE COMMISSION.**

Supreme Judicial Court of Maine.

Argued April 6, 1999.
Decided June 22, 1999.

Michael R. Poulin (orally), Skelton, Taintor & Abbott, P.A., Auburn, for plaintiff.

Andrew Ketterer, Attorney General, Pamela W. Waite, Asst. Atty. Gen. (orally), Augusta, for defendant.

Before WATHEN, C.J., and
CLIFFORD, RUDMAN, DANA,
SAUFLEY, ALEXANDER, and
CALKINS, JJ.

WATHEN, C.J.

[¶ 1] Plaintiff Lewiston Daily Sun (the "Sun") appeals from a decision of the Superior Court (Androscoggin County, *Delahanty, J.*) affirming the determination of the Unemployment Insurance Commission that reporter James Stevens was employed by the Sun for purposes of unemployment compensation. On appeal, the Sun challenges the Commission's analysis, arguing that the statutory test of employment was inapplicable because Stevens was providing goods not services, and contends that the Commission erred as a matter of law in holding that Stevens was an employee of the Sun. We disagree and affirm the judgment.

[¶ 2] Before the Unemployment Insurance Commission, James Stevens testified that he had been a freelance reporter for the Lewiston Sun Journal from 1990 to 1993. Stevens covered meetings of governmental bodies and agencies in his assigned territory, attending the events, then writing the articles mainly at his home. The Sun often suggested stories to Stevens, and by the end of his tenure, only approximately fifty percent of the articles that he wrote were suggested to him by the Sun. Stevens was paid per story, based on a sliding scale of value, as determined by the bureau chiefs at the Sun. Stevens's only other employment during the period he worked for the Sun was a few days of substitute teaching.

[¶ 3] Stevens explained that he had been instructed to introduce himself as a reporter for the Sun when conducting interviews. Although he was never told outright not to write stories for other papers, he was discouraged from doing so. He never attempted to sell articles to other papers.

[¶ 4] Heather McCarthy, Assistant Managing Editor of the Sun, testified that in September 1993 the Sun decided not to purchase any more of Stevens's articles due to a dispute about the quality of an article he had submitted. She explained that when Stevens began writing for the Sun, he signed the Sun's standardized letter, identifying him as an independent contractor.[1]

---

1. The standardized letter read in full:
   This letter will confirm our agreement that when requested by us you will attend town meetings and other local events in the Western Maine/Northern New Hampshire area for the purpose of taking photographs and preparing articles to be used in the Sun–Journal/Sunday. The Sun–Journal/Sunday will pay you for your services as an independent contractor in accordance with its fee schedule in effect from time to time. The current fee schedule is available for your information.
   This letter will also confirm that your preparation of any article or taking of any photographs for the Sun–Journal/Sunday

[¶ 5]   Frances Chapman, former bureau chief for the Sun, testified that she told all of the Sun's freelance reporters to identify themselves as "freelance writers for the Sun Journal." She stated that she never told Stevens that he could not write for other publications.

[¶ 6]   After the Sun stopped purchasing articles from Stevens, he filed for unemployment compensation benefits, and as a result the Bureau of Employment Security investigated Stevens's employment status. After the Bureau determined that Stevens's work for the Sun constituted employment, the Sun appealed to the Unemployment Insurance Commission, which affirmed the Bureau's determination. Pursuant to M.R. Civ. P. 80C, the Sun appealed to the Superior Court, which affirmed the decision of the Commission.[2]

■■■   [¶ 7]   When evaluating the Superior Court's review of an Unemployment Insurance Commission decision, we review the Commission decision directly to determine whether "there exists any competent evidence to support the agency findings and then ascertain whether upon those findings the applicable law has been correctly applied." *Crocker v. Maine Employment Sec. Comm'n,* 450 A.2d 469, 471 (Me.1982). We will not overrule findings of fact supported by substantial evidence, defined as "such relevant evidence as a reasonable mind might accept as adequate to support the resultant conclusion." *Id.* Moreover, we "will not disturb a decision of the Commission unless the record before the Commission compels a contrary result." *McPherson Timberlands, Inc. v. Unemployment Ins. Comm'n,* 1998 ME 177, ¶ 6, 714 A.2d 818, 820.

[¶ 8]   The Maine Employment Security Law requires an employer to make contributions to the unemployment compensation fund based upon the amount it pays in "wages for employment." *See* 26 M.R.S.A. § 1221(1)(A) (Supp.1998).[3] The statute defines "employment" broadly as including services "performed for wages or under any contract of hire, written or oral, express or implied." 26 M.R.S.A. § 1043(11) (Supp.1998).

[¶ 9]   The Sun first contends that the Commission erred by applying what is commonly referred to as the ABC test. The test is used in determining whether services provided by an individual constitute employment:

> Services performed by an individual for remuneration shall be deemed to be employment subject to this chapter unless and until it is shown to the satisfaction of the bureau that:
>
> (1) Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact;
>
> (2) Such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and
>
> (3) Such individual is customarily engaged in an independently established trade, occupation, profession or business.

will fall within those categories listed in the U.S. Copyright Act, 17 U.S.C. 101(2), and therefore, the copyright to any article you write or photographs you take will belong exclusively to the Sun–Journal/Sunday.
    Please sign the enclosed copy of this letter and return it to this office to confirm the terms of this letter.

2.  We note with concern that the Superior Court held this case under advisement for two and one-half years before issuing an opinion. The record reveals no explanation for such an exceptional delay.

3.  "Wages" are defined as "all remuneration for personal services, including commissions, bonuses, severance or terminal pay, gratuities and the cash value of all remuneration in any medium other than cash." 26 M.R.S.A. § 1043(19) (Supp.1998).

26 M.R.S.A. § 1043(11)(E) (1988). The Sun argues that Stevens was providing goods rather than services and thus the test was inapplicable. We disagree.

[¶ 10] The following facts, as found by the Commission and supported by competent evidence, demonstrate that Stevens provided a mixture of both goods and services:

> The employing unit provided the claimant with a letter of agreement concerning their employment relationship on November 13, 1990. In this letter the employing unit informs the claimant that his duties will include attending town meetings and other local events in a particular geographical territory at the employing unit's request for the purpose of taking photographs and preparing articles to be used in the employing unit's newspapers.
>
> . . . .
>
> The employing unit assigned leads to the claimant. It suggested stories to the claimant that it was interested in publishing. The claimant could choose whether or not to accept such assignments. Approximately one-half of the items that the employing unit accepted from the claimant resulted from such assignments. The remainder of the items that the employing unit accepted from the claimant were the result of his ideas.

Because Stevens provided services, at least in part, the Commission properly applied the statutory test.

[¶ 11] The Sun next contends that even if the test applied, Stevens's services did not constitute employment. If an employer fails to satisfy any of the three prongs of the test, the worker is deemed an employee and the other prongs of the test need not be considered. *See McPherson Timberlands, Inc. v. Unemployment Ins. Comm'n,* 1998 ME 177, ¶ 7, 714 A.2d 818, 821; *Hasco Mfg. Co. v. Maine Employment Sec. Comm'n,* 158 Me. 413, 415, 185 A.2d 442, 443 (1962). The Commission held that the Sun failed to

prove all three prongs of the test. Because we find that the Commission did not err in holding that the Sun failed to prove that Stevens was customarily engaged in an independently established trade, occupation, profession, or business, *see* 26 M.R.S.A. § 1043(11)(E)(3), we need not consider the other two prongs of the test.

[¶ 12] The Commission found as fact, supported by competent evidence, that Stevens had no previous experience as a reporter when he answered the Sun's ad for a journalist and that the Sun trained Stevens to improve his writing ability and write in a style espoused by the Sun. The Commission also found that Stevens introduced himself as a reporter for the Sun when interviewing people, that he did not advertise nor hold himself out as a free-lance reporter, and that he did not perform reporting services for any other newspaper or magazine.

[¶ 13] A person is independently established when he has a proprietary interest in his occupation such that he can "operate without hindrance from any source." *Hasco Mfg. Co. v. Maine Employment Sec. Comm'n,* 158 Me. 413, 419, 185 A.2d 442, 445 (1962). Although a proprietary interest need not be established by a place of business or a mailing address, "at the very least such workers must hold themselves out to some community of potential customers as independent tradesmen involved in a particular craft." *Nyer v. Maine Unemployment Ins. Comm'n,* 601 A.2d 626, 628 (Me.1992) (footnote omitted); *see also Vector Mktg. Corp. v. Maine Unemployment Ins. Comm'n,* 610 A.2d 272, 275 (Me.1992) (holding that when sales persons were prohibited from selling competing products for a year after the expiration of their contracts and sold only the employing unit's products they did not have a proprietary interest in their occupation).

[¶ 14] On the unique facts of this case, because Stevens did not have prior experience as a reporter, received his only train-

ing from the Sun, did not advertise his services as a reporter, and did not perform such services for any other newspaper or magazine, the facts do not compel a result contrary to that reached by the Commission that Stevens was not customarily engaged in an independently established profession.

The entry is:

Judgment affirmed.

