STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2003 DEC -4 P 1: 52

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-03-39

MCDONALD JOHNSON,

Petitioner

ORDER ON
PETITIONER'S
RULE 80C APPEAL

v.

MAINE UNEMPLOYMENT
INSURANCE COMMISSION

Respondent

Before the court is Petitioner's Rule 80C Appeal from a decision of the Respondent, Maine Unemployment Commission ("Commission").

## FACTS

The Maine Department of Labor Bureau of Unemployment Compensation ("Bureau") conducted an audit and determined that Petitioner filed for unemployment benefits from the Commission for weeks when he was employed by Adecco North America, LLC, a temporary staffing agency. (R. at 36.) In a statement to the Bureau field investigator, Petitioner admitted he knew he was supposed to report earnings but did not do so because of financial need. (R. at 54.)

The Bureau determined Petitioner had a liquidated debt in the amount of $6,345.00.00. (R. at 26-28.) Similarly, the Commission determined that Petitioner was not eligible for a waiver of repayment because he had knowingly submitted a false claim for benefits. (R. at 23-24.) Petitioner did not appeal either of these decisions to the court, and they became final as to fact and law.

Between October 2002 and February 2003, the Bureau's benefit section mailed Petitioner two notices of overpayment and seven interest notices. (R. at 9-17.) On February 5, 2003, the Maine Revenue Services ("MRS") notified Petitioner

that it had applied Petitioner's 2002 individual income tax refund credit in the amount of $981.00 to the debt Petitioner owed to the Bureau. (R. at 7.) The Petitioner requested a hearing on the income tax setoff. On June 2, 2003, the Commission issued a decision determining that Petitioner still had a liquidated debt in the amount of $6,345.00, that no postliquidation events had occurred, and that the claimant's Maine State tax refund may be setoff against Petitioner's outstanding debt. (R. at 2-4.) This appeal followed.

## DISCUSSION

The court reviews the administrative record to determine whether the Commission's fact findings are supported by any competent evidence and whether the Commission correctly applied the law to the particular facts of the case. McPherson Timberlands, Inc. v. Unemployment Ins. Comm'n, 1998 ME 177, ¶ 6, 714 A.2d 818, 820. The court "will not disturb a decision of the Commission unless the record before the Commission compels a contrary result." Id.; Lewiston Daily Sun v. Unemployment Ins. Comm'n, 1999 ME 90, ¶ 7, 733 A.2d 344, 346. The Commission's findings of fact may be reversed on appeal if the court determines that they are unsupported by substantial evidence on the whole record. 5 M.R.S. § 11007(4)(C)(5) (2003).

The court may not substitute its judgment for that of the agency merely because the evidence could give rise to more than one result. Dodd v. Sec'y of State, 526 A.2d 583, 584 (Me. 1987). "The burden of proof clearly rests with the party seeking to overturn the decision of an administrative agency." Seven Islands Land Co. v. Maine Land Use Regulation Comm'n., 450 A.2d 475, 479 (Me. 1982). In cases where conflicting evidence is presented, the Law Court has repeatedly held

that such conflicts are for the fact finder to resolve. <u>Bean v. Maine Unemployment Ins. Comm'n</u>, 485 A.2d 630, 634 (Me. 1984).

In the case at bar, the Commission's decision that the Petitioner's Maine income tax refund may be setoff against his liquidated debt to the Bureau is supported by competent evidence in the record and is correct as a matter of law.

Maine Employment Security Law provides:

> Any person who, by reason of the nondisclosure or misrepresentation by him or by another, of a material fact, and such nondisclosure or misrepresentation was known to him or ought to have been known by him to be fraudulent, has received any sum as benefits under this chapter while any conditions for the receipt of benefits imposed by this chapter were not fulfilled in his case, or while he was disqualified from receiving benefits, shall either be liable to have such sum deducted from any future benefits payable to him under this chapter or shall be liable to repay to the bureau for the Unemployment Compensation Fund, a sum equal to the amount so received by him, and such sum shall be collectible in the manner provided in subsection 6.

26 M.R.S. § 1051(4) (2003). Here, Petitioner was found to have collected unemployment benefits fraudulently. He is now liable for repayment.

Under Maine Income Tax Law,

> [a]n agency of the State . . . authorized to collect from an individual or corporation a liquidated debt greater than $ 25 shall notify in writing the State Tax Assessor and supply information necessary to identify the debtor whose refund is sought to be set off. The assessor, upon notification, shall assist the requesting agency by setting off that debt against a refund to which that individual or corporation is entitled under this Part . . .

> At the time a setoff is made, the State Tax Assessor shall provide notice to the individual or corporate taxpayer of the setoff or setoffs and of the taxpayer's right to request, within 30 days of the taxpayer's receipt of the notice, a hearing before the creditor agency or agencies. The hearing or hearings are held pursuant to the Maine Administrative Procedure Act, Title 5, chapter 375, but are limited to the issues of whether the debt or debts became liquidated and whether any postliquidation events have affected the liability.

36 M.R.S. § 5276-A (2003).

In the present case, the Bureau established that Petitioner had a total debt of $6,345.00 (R. at 28 & 36.), an amount far greater than the requisite $25.00 required by § 5276-A. See 26 M.R.S. § 5276-A. The Petitioner was provided with notice and a right to request a hearing. (R. at 9-17.) At the hearing, the Commission determined that Petitioner had a liquidated debt and that no postliquidation events had occurred to reduce the amount of debt. (R. at 4.)

Petitioner's arguments on appeal are unavailing. He argues that his collection of benefits was a matter of error, not fraud. He also asserts that he should have been granted a waiver of the overpayment. These arguments are not relevant to the court's present analysis. Petitioner did not file timely appeals to these decisions, see 5 M.R.S. 11002 (2003); see also R. at 25; R. at 22, and the decisions became final as to fact and law on August 29, 2002 and February 28, 2002 respectively.

For the above reasons, the court AFFIRMS the Commission's decision.

Date: ___December 4, 2003___

Roland A. Cole
Justice, Superior Court

ELIZABETH WYMAN AAG
6 STATE HOUSE STATION
AUGUSTA ME 04333

MCDONALD JOHNSON
57 MUNJOY SOUTH
PORTLAND ME 04101