STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-03 551

JUN 03 P 2:27

BATH IRON WORKS CORPORATION,

    Plaintiff,

    v.

MAINE UNEMPLOYMENT INSURANCE
COMMISSION,

    Defendant.

ORDER

DONALD L. GARBRECHT
LAW LIBRARY

AUG 20 2004

Bath Iron Works Corporation (BIW) seeks review of agency action by the Maine Unemployment Insurance Commission (Commission) under M.R. Civ. P. 80C.

## FACTS

On April 4, 2003, after receiving a tip that people were smoking marijuana in a small room in an area of the shipyard, BIW Night Supervisor Steven Stone (Stone), a maintenance supervisor, and a security guard went to the room. Stone knocked on the door, and someone answered. A thick cloud of smoke was found in the room, which Stone believed was marijuana. Four employees, including Andy Fitzherbert (Fitzherbert), the claimant in the present matter, were seated at a table in the small room, and another employee was by the door. After being directed to go with Stone to the BIW Medical Department, one of the employees fled the scene. Stone and the other BIW employees gathered evidence of drug use from the room including extinguished marijuana cigarettes, seeds and other marijuana remnants, and an electronic scale.

The five employees were suspended for five working days for refusal to take substance abuse tests in accordance with the union contract. The employees were also

told that investigation would be pending into the incident. The evidence found in the small room was sent to a lab to be analyzed.

On April 14, 2003, Fitzherbert and the other employees were terminated from their employment. Fitzherbert's union attempted to negotiate a settlement with BIW. On May 5, 2003, an agreement was signed by the union and employer to negotiate a settlement. Those negotiations apparently broke down and a final agreement was never signed.

Deputy Bradford of the Commission found that Fitzherbert was disqualified from unemployment benefits. Administrative Hearing Officer Beaudette set aside the deputy's decision and found for Fitzherbert. The Commission affirmed the administrative hearing officer's decision, and this timely appeal followed.

## DISCUSSION

When reviewing a decision of the Commission, this court determines "whether there exists any competent evidence to support the Commission's findings and then ascertain whether upon those findings the applicable law has been correctly applied." Ellery v. Dep't of Labor Unemployment Ins. Comm'n, 1999 ME 194, ¶13, 742 A.2d 928, 932 (internal quotation omitted). This court "will not overrule the Commission's findings of fact if the findings are supported by substantial evidence." Id. The Law Court defines substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support the resultant conclusion." Lewiston Daily Sun v. Unemployment Ins. Comm'n, 1999 ME 90, ¶7, 733 A.2d 344, 346.

BIW argues that Fitzherbert is not entitled to unemployment benefits because he was discharged for "misconduct" under the Unemployment Compensation statute.[1] 26 M.R.S.A. § 1193(2); 26 M.R.S.A. § 1043(23). This statute defines "misconduct" as:

a culpable breach of the employee's duties or obligations to the employer or a pattern of irresponsible behavior, which in either case manifests a disregard for a material interest of the employer. This definition relates only to an employee's entitlement to benefits and does not preclude an employer from discharging an employee for actions that are not included in this definition of misconduct. A finding that an employee has not engaged in misconduct for purposes of this chapter may not be used as evidence that the employer lacked justification for discharge.

A. The following acts or omissions are presumed to manifest a disregard for a material interest of the employer. If a culpable breach or a pattern of irresponsible behavior is shown, these actions or omissions constitute "misconduct" as defined in this subsection. This does not preclude other acts or omissions from being considered to manifest a disregard for a material interest of the employer. The acts or omissions included in the presumption are the following:

1) Refusal, knowing failure or recurring neglect to perform reasonable and proper duties assigned by the employer;

2) Unreasonable violation of rules that are reasonably imposed and communicated and equitably enforced;

3) Unreasonable violation of rules that should be inferred to exist from common knowledge or from the nature of the employment;

. . .

6) Intoxication while on duty or when reporting to work or unauthorized use of alcohol while on duty;

7) Using illegal drugs or being under the influence of such drugs while on duty or when reporting to work;

. . .

12) Substantially endangering the safety of the employee, coworkers, customers or members of the public while on duty. . . .

---

[1] BIW also argues that the decision of the Commission somehow interferes with labor relations between the employer and the employees' union. It is not clear what this interference is and this argument is without merit in the context of this case.

3

26 M.R.S.A. § 1043(23). "A two-step analysis is required to determine misconduct: (1) the employer must have a reasonable standard for discharge and (2) the employee must have acted unreasonably in failing to meet that standard." Ellery, 1999 ME 194, ¶14, 742 A.2d at 932.

In this case, the decision of the Commission must be affirmed. Although Fitzherbert was discharged, the employer has failed to meet the burden to establish that Fitzherbert's conduct amounts to "misconduct" under section 1043(23). Under the first step in the Ellery case, the employer's standards for discharge are reasonable. BIW has a strong interest in keeping its workplace drug free. (See R. 141-54.) In addition, the work entails that BIW's employees are working with dangerous machinery.

Under the second step, however, BIW has not proven that Fitzherbert acted unreasonably. See Sprague Elec. Co. v. Me. Unemployment Ins. Comm'n, 536 A.2d 618, 619 (Me. 1988). Despite Stone's credible evidence that there was an odor of marijuana in the small room, there is no evidence that Fitzherbert used or possessed marijuana. (R. 53.) In fact, there was never confirmation of any of the employees using the marijuana, (Id.), although the lab results showed that there was marijuana in the room. Fitzherbert testified that there he did not use marijuana or know of any marijuana in the small room. (R. 155.) The Commission found that the conflicting evidence in the record did not require a finding of misconduct. This court will not substitute its judgment for that of the Commission.[2]

_____

[2] Although there may have been misconduct in the lay definition of the term, this misconduct is not that contemplated by the definition in section 1043(23), as parsed by the Law Court. This decision does not alter the fact that Fitzherbert was terminated by BIW, nor should it. The court finds that the testimony of Fitzherbert was suspicious at the very least, but, as mentioned above, this court is not the fact finder here.

The entry is:

The decision of the Maine Unemployment Insurance Commission is AFFIRMED.

Dated: August 3, 2004

Roland A. Cole
Justice, Superior Court

---

The court also notes that the Commission's decision has some factual mistakes and inaccuracies. The decision, however, states, and there is substantial evidence to establish, that Fitzherbert did not engage in conduct amounting to misconduct under the statute. Therefore, this decision must be affirmed.

TRACEY BURTON ESQ
PO BOX 665
BATH ME 04530

PAMELA WAITE AAG
6 STATE HOUSE STATION
AUGUSTA ME 04333