| STATE OF MAINE | SUPERIOR COURT |
| PENOBSCOT, ss. | CIVIL ACTION |
| | Docket No. AP-05-010 |

A/ //- *. / /- /C/ :8/05

| DINA STARKS, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | ) | OPINION: ORDER ON RULE 80C |
| | ) | APPEAL |
| STATE OF MAINE, | ) |
| DEPARTMENT OF | ) |
| HEALTH AND HUMAN | ) |
| SERVICES, | ) |
| | ) |
| Respondent | ) |

F   D & ENTERD
UPERIOR COURT
OCT 18.205
PENOBSCOT COURTY

This matter is before the Court on appeal pursuant to 5 M.R.S.A. §§11001-11008

(2004) and Rule 80C of the Maine Rules of Civil Procedure from a decision of the

Respondents, Maine Department of Health and Human Services' (herein "**Department**")

Final Decision which held that the Department was correct when it recouped General

Assistance benefits paid to Ms. Starks (herein "**Petitioner**").

## DISCUSSION

### A. Standard of Review

The Court's review of the Respondents' determination is limited. Agency rulings

may be reversed or modified on appeal only if the Court determines that they are: (1) in

violation of constitutional or statutory provisions, (2) in excess of the statutory authority

of the agency, (3) made upon unlawful procedure, (4) affected by bias or error of law, (5)

unsupported by substantial evidence on the whole record or (6) arbitrary or capricious or

characterized by abuse of discretion. 5 M.R.S.A § 11007(4)(C) (2004).

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support the resulting conclusion." Lewiston Daily Sun v. Maine Unemployment Ins. Comm'n, 1999 ME 90, ¶ 7, 733 A.2d 344, 346. The Court may not substitute its judgment for that of the agency merely because the evidence could give rise to more than one result. Dodd v. Sec'y of State, 526 A.2d 583, 584 (Me. 1987). "The burden of proof clearly rests with the party seeking to overturn the decision of an administrative agency." Seven Islands Land Co. v. Maine Land Use Regulation Comm'n., 450 A.2d 475, 479 (Me. 1982). In cases where conflicting evidence is presented, the Law Court has repeatedly held that such conflicts are for the fact-finder to resolve. Bean v. Maine Unemployment Ins. Comm'n, 485 A.2d 630, 634 (Me. 1984). The remedy available to the court when the record is insufficient for judicial review is a remand to the agency for further findings or conclusions. 5 M.R.S.A. § 11007(4)(B). See also Gashgai v. Board of Registration in Medicine, 390 A.2d 1080, 1085 (Me. 1978). Finally, when ruling on an agency interpretation of a statute administered by it, this Court will give great deference the agency's interpretation of the statute, unless the statute "plainly compels a contrary result." Berry v. Board of Trustees, 663 A.2d 14, 16 (Me. 1995).

**B.     Applicable Law.**

It is well-established that after spending General Assistance (GA) money to support an individual, the supporting municipality, or the State, may seek reimbursement of GA funds spent. 22 M.R.S.A. 4319(3); Me. Dep't of Health & Hum. Serv., 10-144 CMR 323-V (Interim Assistance). The State may recoup from a Supplemental Security Income (SSI) payment but not from a Social Security Disability Insurance (SSDI)

payment. Despite Petitioner's argument that her benefits should have been deemed SSDI payments, the record indicates that these benefits were SSI payments.

It is undisputed that Petitioner received GA from the City of Bangor from January 1, 2003 through September 30, 2004. It is undisputed that Petitioner signed required GA authorizations, agreeing that if she were subsequently found eligible for SSI, the State could recoup GA dollars expended on her behalf. It is undisputed that on or about September 21, 2004, Petitioner was found eligible, by SSA, for a retroactive SSI payment of $11,700.00, with an effective date of eligibility of December 23, 2004. Of that amount, $8,889.66 was equal to the funds spent by the GA program for her support from January 1, 2004 to September 30, 2004. Pursuant to the signed authorization and State law and regulations, the State recouped $6,700.86 of the funds spent for Petitioner's support, and the City of Bangor received $2,145.80. Petitioner received the balance of $2,853.54.

The Hearing Officer based his findings upon competent and substantial evidence in the record, and did not abuse his discretion. As such, the Final Decision to uphold the Hearing Officer's determination is affirmed.

## CONCLUSION

For the foregoing reasons, the Court affirms the Department's Final Decision. Accordingly, the entry shall be:

The Respondent's decision is AFFIRMED. The Clerk may incorporate this Decision and Order into the docket by reference.

Dated: O3, 18 , 2005

_____
Andrew Mead
Justice, Maine Superior Court

3

Date Filed __4/28/05__  PENOBSCOT _____  Docket No. __AP-2005-10__
                              County

Action ___RULE 80C APPEAL_____
        **ASSIGNED TO JUSTICE ANDREW M. MEAD**

DINA STARKS                                VS.  DEPT. OF HEALTH AND HUMAN SERVICES

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| DINA STARKS, Pro se<br>95 MAIN ST., APT 12<br>ORONO ME  04473 | OFFICE OF THE ATTORNEY GENERAL<br>6 STATE HOUSE STATION<br>AUGUSTA ME  04333-0006<br>BY:  MARGARET SEMPLE, AAG |

Date of
Entry