STATE OF MAINE

CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-05-7

EDWARD J. JAMESON,

Petitioner,

v.                                                    DECISION ON APPEAL

MAINE UNEMPLOYMENT INSURANCE
COMMISSION, et al.,

Respondents.

The Petitioner, Edward J. Jameson, appeals from the decision of the Unemployment Insurance Commission's ("Commission") determining that he was discharged from his employment for misconduct.

Based on its review of the record, the Commission set aside the administrative hearing officer's decision which had determined that the petitioner had been discharged but not for misconduct connected with his work.

On appeal, this court reviews the Commission's decision to determine whether the Commission's findings of fact are supported by competent evidence and whether the applicable law was applied to the findings. Lewiston Daily Sun v. Unemployment Insurance Commission, 1999 ME 90, 733 A.2d 344.

The Commission made the following findings, *inter alia*:

> That the Petitioner made the family of a resident feel uncomfortable by entering the room without any form of announcement, after a policy had been established that he was not to enter apartments without permission.

> That it was reasonable for the employer to expect that the claimant would treat employer's residents appropriately and in a way not to make them nervous or frightened.

That the claimant's behavior was disoriented and inappropriate and that it frightened some of the tenants.

These findings are supported by competent evidence in the record.

In evaluating the evidence, the Commission was required to determine whether the conduct of the petitioner amounted to misconduct – conduct manifesting "a disregard for the material interest of the employer." 26 M.R.S.A. § 1043 (23).

The Commission concluded that the petitioner's "actions were an unreasonable violation of rules that should be inferred to exist from common knowledge or from the nature of the employment under the presumption at 26 M.R.S.A. § 1043 (23)(A)(3)" (Record, at 5). Accordingly, the Commission concluded that " . . . the claimant's conduct manifested a disregard for a material interest of the employer . . . " (Record, at 5).

Here the facts found justified the conclusion of the Commission that the petitioner's conduct did manifest a disregard of a material interest of the employer.

Thereafter the entry is:

Decision of the Unemployment Insurance Commission is AFFIRMED.

DATED:     December 23, 2005

Robert E. Crowley
Justice, Superior Court

2

Date Filed 02/01/05     CUMBERLAND     Docket No. AP-05-7
                            County

Action 80C APPEAL


EDWARD J. JAMESON                    STATE OF MAINE UNEMPLOYMENT INSURANCE
                                     COMMISSION
                                     DIOCESAN BUREAU OF HOUSING


                                 vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| PAUL ARANSON, ESQ.<br>1038 MAIN STREET<br>PO BOX 929<br>SANFORD, ME 04073 | ELIZABETH J. WYMAN, AAG. (State of Maine)<br>PAMELA W. WAITE, AAG.<br>6 STATE HOUSE STATION<br>AUGUSTA, ME 04333-0006<br><br>THOMAS R. KELLY,  ESQ. (Diocesan)<br>12 PORTLAND PIER<br>PO BOX 568<br>PORTLAND, ME 04112-0568 |

Date of
Entry

2005