STATE OF MAINE

SOMERSET, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-07-008
JMS - Som - 1/24 2008

KERRY HEGARTY,

Petitioner

v.

MAINE UNEMPLOYMENT
INSURANCE COMMISSION,

Respondent

DECISION

DONALD L. GARBRECHT
LAW LIBRARY

JAN 30 2008

Before the court is a Rule 80C appeal of a decision of the Maine Unemployment Insurance Commission ("Commission"). The petitioner has appeared pro se and the respondent is represented by Elizabeth Wyman, Assistant Attorney General.

**Facts**

The petitioner, Kerry Hegarty, has operated a company named Kerry Hegarty Contracting since June of 2003. Mr. Hegarty spends 40-50 hours per week on his own business during peak periods and on average spends up to 10 hours per week lining up work for his business.

In February, 2007, Mr. Hegarty's business slowed to the point where he did not have any work. He filed a claim for unemployment benefits. He indicated that he looked for work in the forestry business and had previously looked for work during the fall of 2005 and the winter of 2006. He indicated he would accept a full-time job and stay, depending on what was offered and what benefits went along with the pay. On February 26, 2007, he got a small job and resumed working for his own business. Following this initial job, he lined up other jobs and stopped filing unemployment claims.

On February 23, 2007, the Deputy denied Mr. Hegarty's claim for benefits on the ground that he was self-employed. Petitioner appealed the decision to the Division of Administrative Hearings and a hearing was held on March 28, 2007. The hearing officer denied Mr. Hegarty's claim for unemployment benefits and found that he was not an unemployed individual because he was self-employed. Mr. Hegarty appealed that decision to the Commission. On May 31, 2007, the Commission issued a decision affirming and adopting the decision of the hearing officer. Mr. Hegarty requested reconsideration which was denied on July 2, 2007. Mr. Hegarty appealed that decision with this court.

## Standard of Review

This court's review of the Commission's decision is limited to determining whether the Commission correctly applied the law and whether its findings are supported by competent evidence. *McPherson v. Maine Unemployment Insurance Commission*, 1998 ME 177, 714 A.2d 818.

Upon reviewing the Commission's decision, this court will not overrule findings of fact supported by substantial evidence, which is defined as such relevant evidence as a reasonable mind might accept as adequate to support the resulting conclusion. *Lewiston Daily Sun v. Maine Unemployment Insurance Commission*, 1999 ME 90, 733 A.2d 344.

## Discussion

In this case, the Commission's decision affirms that the decision of the administrative hearing officer in its conclusion that the plaintiff was not an unemployed individual. Title 26 M.R.S.A. § 1192(1) sets out the requirements that a claimant must meet in order to be eligible for unemployment benefits. The statute defines total unemployment as follows:

An individual, including corporate officers, is considered 'totally unemployed' in any week with respect to which wages are not payable to the individual and during which the individual does not perform services, except that remuneration payable or received as holiday pay is not considered wages for the purpose of this subsection and except that any amounts received from the Federal Government by members of the National Guard and organized reserve, including base pay and allowances, or any amounts received as a volunteer firefighter, or a volunteer emergency medical services person, are not considered wages for the purpose of this subsection.

26 M.R.S.A. § 1043(17)(A).

In addition to this statute, Chapter 9.3 of the rules governing administration of the Employment Security Law provides the following with respect to self-employment:

An individual whose primary objective is performing services in self-employment will not be considered to be an unemployed individual for purposes of subsection 17 of section 1043 of the Employment Security Law. Primary objective means that the individual is engaging in or in the process of establishing a self-employment venture and is not available and/or willing to work as an employee for another employer on a full-time basis.

In the instant case, there is sufficient evidence for the hearing officer to find that the petitioner's primary objective was to continue finding work for his company. The record shows that there was sufficient facts before him to find and conclude that the petitioner was self-employed as defined by the Act.

For the reasons stated above, the entry will be:

Petitioner's appeal is hereby DENIED.

Dated: January 22, 2008

_____
Joseph M. Jabar
Justice, Superior Court