

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-12-67

RICHARD MARCELLA,

Petitioner

v.

UNEMPLOYMENT INSURANCE
COMMISSION,

Respondent.

**DECISION AND ORDER**

STATE OF MAINE
Cumberland, ss, Clerk's Office

MAY 16 2013

**RECEIVED**

Appellant Richard Marcella (Marcella) appeals from the Maine Unemployment Insurance Commission's (Commission) determination that denied him unemployment benefits for the weeks of July 15 through September 1, 2012 because he failed to file timely claims. Marcella argues the court should set aside the Commission's decision because he made an error when he missed the check box on a form and did not know the process to follow for filing claims.

## BACKGROUND

Marcella became unemployed in June 2012 and filed for unemployment benefits for the weeks ending June 30, July 7 and July 14, 2012. The claim for the week ending July 14, 2012 was received and processed at the Maine Department of Labor claim center on September 6, 2012. (R. at 34.) Marcella admitted there was a problem with the way he filed one of his claims in that he failed to check off a box on a claim card for the week of July 14 regarding whether he had any earnings. (R. at 34.) He did not file any claims for the weeks ending July 21, 2012 through September 1, 2012 until he reopened his claim on September 4, 2012, effective September 2, 2012. (R. at 6.) He stated that he was living in Massachusetts trying to secure a position as a teacher and coach at a high

1

school and he forgot about filing the claim forms. (R. at 35-36.) He ultimately secured a teaching position as a full-time substitute in Massachusetts beginning September 4, 2012. (R. at 36.)

On September 4, 2012, Marcella spoke to a representative of the Bureau of Unemployment Compensation who reopened Marcella's claim with an effective date of September 2, 2012. (R. at 29.) Marcella also asked the claims representative on September 4, 2012 to take his weekly claims over the telephone for the weeks ending July 21 (R. at 13.), July 28 (R. at 14.), August 4 (R. at 15.), August 11 (R. at 16.), August 18 (R. at 17.), August 25 (R. at 18.) and September 1, 2012 (R. at 19.) (R. at 29.) A deputy issued a decision finding that Marcella's claim for the week ending July 21 was not filed until September 4, 2012, when he asked the claims representative to reopen his claim and take his claim over the phone for that week and for each of the weeks ending July 28, 2012 through September 1, 2012. The deputy concluded that his claim was filed over 21 days late and was not reopened until an effective date of September 2, 2012; therefore, the deputy denied benefits from July 15 through September 1, 2012. (R. at 12.)

Marcella appealed the denial of benefits to the Division of Administrative Hearings and a telephonic hearing was held on September 27, 2012. (R. at 20, 25.) The hearing officer issued a decision finding that the claimant did not file his claims for the week in issue in a timely manner as required by the statute and rules. (R. at 6-8.) Marcella appealed that decision to the Commission. (R. at 4-5.) The Commission affirmed and adopted the hearing officer's decision. (R. at 4-5.) This Rule 80C appeal to the Superior Court followed.

2

## DISCUSSION

1. ## Standard of Review

When acting as an appellate body pursuant to M.R. Civ. P. 80C, this court directly examines the record before the agency and reviews its decision for errors of law, findings not supported "by substantial evidence on the whole record," or other indications that the decision was "[a]rbitrary or capricious or characterized by abuse of discretion." 5 M.R.S. § 11007(4)(C) (2011). The court generally gives "great deference to the [agency's] interpretation of its own regulations." *Farley v. Maine Unemployment Ins. Comm'n*, 624 A.2d 1233, 1234 (Me. 1993). This court will not disturb a decision of the Commission "unless the record before the Commission compels a contrary result." *McPherson v. Maine Unemployment Ins. Comm'n*, 1998 ME 177, ¶ 6, 714 A. 2d 818, 820.

This court is not to "overrule findings of fact supported by substantial evidence, defined as 'such relevant evidence as a reasonable mind might accept as adequate to support the resultant conclusion.'" *Lewiston Daily Sun v. Maine Unemployment Ins. Comm'n*, 1999 ME 90, ¶ 7, 733 A. 2d 344, 346 (quoting *Crocker v. Maine Unemployment Ins. Comm'n*, 450 A. 2d 469, 471 (Me. 1982). The party seeking to overturn the decision of an administrative agency bears the burden of proof. *Seven Islands Land Co. v. Maine Land Use Regulation Comm'n*, 450 A. 2d 475, 479 (Me. 1982). In this case, the Commission, in affirming and adopting the decision of the Administrative Hearing Officer, properly concluded that Marcella's failure to file a timely claim for the week of July 21 resulted in loss of benefits for that week and all subsequent weeks until his claim was reopened on September 4, 2012.

2. ## Failure to File Timely Claim

The applicable statute provides that an unemployed individual shall be eligible to

3

receive benefits with respect to any week only if he has made a claim for benefits. 26 M.R.S.A. § 1192(1). The statute further provides that an unemployed individual's week of unemployment shall be deemed to commence only after his registration at an employment office, except as the Commission may otherwise prescribe by regulation. 26 M.R.S.A. § 1043(17)(C).

Chapter 3 of the Rules Governing the Administration of the Employment Security Law, 12-172 CMR (Rules) provide that no claim shall be valid for any week prior to the week in which the claimant has registered for work with a representative of the Bureau. Rules, Chapter 3.1(C). The Rules further provide that a claimant's week of unemployment and his registration for work shall be deemed to commence on a Sunday of the calendar week in which the claimant registers for work and files a claim with a representative of the Bureau. Rules, Chapter 3.1(G)(I).

Deadlines for the filing of an unemployment claim are also set forth in the Rules. The deadlines are as follows:

> To maintain eligibility for benefits, a claimant must report at the time and place assigned to him for reporting by a representative of the Bureau. If a claimant is filing by mail under provisions of subsection (B)(1), the envelope containing the claim card must bear a postmark date *not later than fourteen (14) days* from the week ending date of the claim week. A claimant may have *an additional seven (7) days* to file a claim if the claimant can show *good cause* for the later filing of that claim.

Rules, Chapter 3.1(D)(emphasis supplied). Thus, a claimant has a fourteen-day period and an additional seven days for late filing if the claimant can show good cause.

The Rules make further provisions for filing claims by mail and what happens when a claim is filed later than twenty-one days:

> When a claimant is filing for a week of benefits by mail, the Bureau normally provides the claimant a weekly claim care when a benefit check or a message care for a prior week is issued. If not claim is received or postmarked within either the fourteen (14) day period or the additional seven (7) day period allowed for good cause, an initial, additional initial or reopened claim must be filed to

begin a new claim series. Benefits shall not be allowed for the period starting with the week for which the claim card was filed later than fourteen (14) days after the week ending date of that claim, or an additional seven (7) days if good cause was found, and ending with the week immediately preceding the week during which the initial, additional initial or reopened claim was filed.

Rules, Chapter 3.1(D).

In order to open a "claim series" and establish the right to file claims to receive benefits, a claimant must register for work and file a claim with the Bureau. After establishing the initial claim, the claimant must file weekly claims for every week that he expects to receive benefits. If a claimant fails to file a claim card within fourteen days of the claim for which he is claiming benefits, his claim will be denied. The claimant is given an additional seven days time to file a claim so long as he is able to show "good cause" for the late filing of the claim card. There is no provision in the statute or the Rules for filing of a claim more than twenty-one days after the week for which the claim is made.

Marcella failed to file a claim for July 21, 2012, until September 4, 2012, after the twenty-one day deadline. He did not file any of his claims for the weeks between July 21 and September 1, 2012 until September 4, 2012. The hearing officer and the Commission properly concluded that the claimant's failure to file the July 21, 2012 claim had the effect of rendering his unemployment case inactive, triggering the requirement to reopen his claim. When he called the Bureau on September 4, 2012, he was allowed to reactivate his unemployment case, and he was eligible to begin filing claims for benefits again. But, his failure to file his July 21 claim within twenty-one days meant that the Bureau could not accept his claims for that week or any subsequent week until he filed a reopened claim to begin a new claim series. See Rules, Chapter 3.1(D).

Marcella claims that his failure to file his claims in a timely fashion was due in part to his lack of familiarity with the unemployment system and his busy life looking

for work during this time. (R. at 5, 34-36.) However, the Maine Law Court has held the timely filing of weekly claims is one of "numerous eligibility conditions set forth in Section 1192" of the statute and must be followed by claimants who expect to receive benefits. *McKenzie v. Maine Employment Security Commission*, 453 A. 2d 505, 512 (Me. 1982). The Law Court concluded in McKenzie that "[t]he claimant of unemployment compensation benefits must be held to have knowledge of the requirements of the Act and legally adopted regulations of the Commission and must suffer such loss as may have arisen from his failure to comply with the plain mandatory terms of the statutory program." *Id.* at 509.

Marcella states that when he received on August 8 a note from the Bureau stating that he did not answer all of the questions of his claim form for the week of July 14, 2012. According to him, he immediately called and was advised he needed to correct the form and resend, which he states he did on that day. Marcella then waited to hear that he did so correctly and the claim would be paid. He never received a weekly form, which was what had happened each week before his error. (R. at 5.) Marcella waited for three weeks to hear from the Bureau. Finally, on September 4, 2012, he called the Bureau again and he learned that he had to reopen the claim because of the late time frames. (R. at 5.) He argues that all he did was miss a check mark in a box and he should not be penalized for not knowing the procedures for filing claims.

In *McKenzie*, the claimant argued that his failure to file claims was because he was relying on the Bureau's initial determination that he was not eligible and assumed it was a waste for him to file claims. *McKenzie*, 453 A. 2d at 511. The Law Court disagreed and emphasized that there was no evidence of "wrongful conduct on the part of the administrative authorities" that would support a claim that the claimant was induced not to file claims. *Id.* at 512. "McKenzie had the duty fairly imposed on him by

6

the statute to take the minimal step of contacting the local office for review and filing weekly claims until personally satisfied that no Commission error was involved." *Id.* at 513. So to,

Marcella had a duty to take the minimal step of contacting the local office for review and filing weekly claims until he was satisfied that his weekly claim form had been properly filed and received. He was admittedly busy trying to secure a job in Massachusetts, but he "kind of forgot about it and . . . filed it late." (R. at 35.) Marcella was aware there was a problem with claim but he failed to follow up with the Bureau, which cannot be attributed to Bureau error. Chapter 3 of the Rules states that failure on the claimant's part to file a claim card timely "and thus not receive subsequent claim cards timely, does not constitute administrative error." Rules, Chapter 3.1.D. Like *McKenzie*, Marcella must suffer the consequences of failing to file timely claims for the weeks in question.

The claimant's failure to file timely claim for the weeks of July 21, 201, resulted in the loss of benefits for the weeks of July 15, 2012 through September 1, 2012. This conclusion by the Commission, in affirming and adopting the decision of the Administrative Hearing Officer, is supported by competent evidence and is correct as a matter of law.

## CONCLUSION

Accordingly, Mr. Marcella's appeal is denied and the Court affirms Commission Decision No. 12-C-08622.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Decision and Order by reference in the docket.

Dated: May 15, 2013

Joyce A. Wheeler
Justice, Superior Court