ENTERED AUG 2 9 2014 MC

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-13-65
JAW-CUM-3/3/2014

JEFFERSON EXIL,

    Petitioner,

    v.

MARY MAYHEW, COMMISSIONER and
STATE OF MAINE, DEPARTMENT
OF HEALTH AND HUMAN SERVICES,

    Respondents.

ORDER ON MOTION TO
TAKE ADDITIONAL
EVIDENCE AND 80C APPEAL



STATE OF MAINE
Cumberland, ss Clerk's Office

MAR 03 2014 MC

RECEIVED

This matter is before the Court on petitioner Jefferson Exil's *pro se* petition for review of final agency action pursuant to Rule 80C. Exil has also filed a motion to take additional evidence. He argues that the agency incorrectly interpreted its own rules regarding Unemployed Parent ("UP") Temporary Assistance for Needy Families ("TANF") benefits. For the following reasons the motion to take additional evidence is denied and the agency's decision is affirmed.

## BACKGROUND

Petitioner Jefferson Exil applied for Temporary Assistance for Needy Families ("TANF") benefits on behalf of his household on January 17, 2013 and June 28, 2013.[1] (R. at C1.) Both applications were denied by the Department of Health and Human Services ("the Department"), and Exil appealed the denials to a hearing officer at the Department. (R. at HO-1.) The hearing officer concluded that Exil was the primary wage earner in the household, and that he did not meet the eligibility requirements under the Department's rules.

---

[1] The hearing officer concluded that petitioner timely appealed from the denials on both applications. (R. at A, 5.) Respondents do not challenge that conclusion on appeal. (Respondents' Brief, 3 n.2.)

## DISCUSSION

1. Standard of Review

The Court will only review an agency decision "for errors of law, abuse of discretion, or findings of fact not supported by the record." *Friends of Lincoln Lakes v. Bd. of Envtl. Prot.*, 2010 ME 18, ¶ 12, 989 A.2d 1128 (quoting *Save Our Sebasticook, Inc. v. Bd. of Entvl. Prot.*, 2007 ME 102, ¶ 13, 928 A.2d 736). The Court "will not overrule findings of fact supported by substantial evidence, defined as 'such relevant evidence as a reasonable mind might accept as adequate to support the resultant conclusion.'" *Lewiston Daily Sun v. Unemployment Ins. Comm'n*, 1999 ME 90, ¶ 7, 733 A.2d 344 (quoting *Crocker v. Me. Employment Sec. Comm'n*, 450 A.2d 469, 471 (Me. 1982)). "An agency's interpretation of its own internal rules will be given considerable deference and will not be set aside unless the rule plainly compels a contrary result, or the rule interpretation is contrary to the governing statute." *Friends of Boundary Mountains v. Land Use Regulation Comm'n*, 2012 ME 53, ¶ 6, 40 A.3d 947.

2. Motion to Take Additional Evidence

Exil claims the Department was biased against him and moves the court to take additional evidence on the issue of bias under Rule 80C(e). Under the Maine Administrative Procedure Act,

> The reviewing court may order the taking of additional evidence . . . if application is made to the reviewing court for leave to present additional evidence, and it is shown that the additional evidence is material to the issues presented in the review, and could not have been presented or was erroneously disallowed in proceedings before the agency. After taking the additional evidence, the agency may modify its findings and decisions, and shall file with the court, to become part of the record for review, the additional evidence and any new findings or decision.

5 M.R.S. § 11006 (2013).

2

After reviewing Exil's detailed statement of evidence of additional evidence, the Court concludes that Exil's allegations of bias are without merit. Exil repeatedly contends that certain evidence "goes directly to show Respondents' bias and knowledge that Jefferson Exil was actively seeking employment as required under TANF rules." (Pet.'s Detailed Statement of Evidence.) Because it is irrelevant whether Exil was looking for work, there is no need to take additional evidence on the issue. To the extent Exil claims the agency is biased against him generally, the Court finds these allegations are unsupported and insufficient to require the taking of additional evidence. *See Carl L. Cutler Co. v. State Purchasing Agent*, 472 A.2d 913, 918 (Me. 1984) (holding that mere allegations of bias are insufficient to require an evidentiary hearing).

3. Requirements for TANF Eligibility

The primary issue in this case is the correct interpretation of the Department's eligibility rules for UP/TANF benefits. To receive TANF benefits, an applicant must demonstrate that a child in the household is "deprived of the care and support of a natural or adoptive parent." 10-144 C.M.R. Ch. 331, § Ch. II (2013). If there are no other grounds for deprivation, a two-parent household with an unemployed parent may nevertheless be eligible for TANF benefits provided the unemployed parent meets all of the Department's eligibility requirements. *Id.*

The first step in the analysis is to determine which parent is the primary wage earner ("PWE") for the family. *Id.* In this case, the Department determined that Exil was the PWE for his family based on his earnings and Exil does not appear to challenge this determination in his appeal. (R. at D3.) Next, the Department determines whether the PWE meets the eligibility requirements:

3

The PWE must:

    a. have had 6 or more quarters of work in any 13 calendar quarter period ending within one year prior to application for assistance.

or

    b. have received or been qualified to receive unemployment benefits within one year prior to application for assistance.

    **NOTE:** The following qualifies as a quarter of work:

1. $50.00 or more of earnings in any calendar quarter ending March 31, June 30, September 30, or December 31,
2. participation in the ASPIRE-TANF program;
3. any quarter credited as a quarter of coverage under the Social Security Program

    c. apply for and accept unemployment benefits (UIB) if eligible.

    **NOTE:** Application for UIB must be reviewed at least every six months.

    **NOTE:** UIB of the PWE is subtracted from the Standard of Need as any other unearned income would be subtracted.

    d. be participating in the ASPIRE-TANF program unless otherwise exempt.

    e. not have quit employment or refused an offer of employment or training within the 30 days prior to application, without good cause.

    * * *

    NOTE: The PWE is ineligible if factors in c., d and e. are not met on a continuous basis. The second adult is also ineligible unless participating in ASPIRE-TANF or meeting an exemption criteria. (See ASPIRE-TANF exemptions in Chapter II.)

10-144 C.M.R. Ch. 331, § Ch. II.

The Department interprets this rule to require an applicant to fulfill either factor a. or b. and then meet c., d., and e. on a continuous basis. Exil argues that the rule only requires that an applicant meet any one of the five factors listed as a. through e. Although the rule is poorly drafted, petitioner's interpretation cannot be correct. Under petitioner's interpretation, an individual could be eligible by satisfying factor e. alone, which merely requires that the applicant neither quit nor refuse an offer of employment or training. If this were sufficient to demonstrate eligibility, the other factors would be superfluous.

The Department's reading of the rule is reasonable. The note under the rule specifically states that "[t]he PWE is ineligible if factors in c., d and e. are not met on a continuous basis." Thus, the rule explicitly requires an applicant to fulfill more than one

4

requirement at a time. It is also reasonable to interpret the rule as requiring either a. or b. in addition to the other factors because those two factors both show that the applicant, although currently unemployed, has recently been employed. If an applicant was eligible to receive unemployment benefits, as set out in factor b., then the applicant must have been employed for some minimum amount of time, which would make the six quarters calculation in factor a. unnecessary. The court defers to the agency's reasonable interpretation of this rule.

Petitioner concedes that he cannot meet either factor a. or factor b. as required by the rule. (R. at A, 35-36.) Even without this concession, and giving petitioner the benefit of the doubt based on his recent employment history, he can at most show that he worked in 5 out of 13 calendar quarters ending in the year prior to his application. See 10/4/13 Decision of Hearing Officer, at 7-8 (summarizing petitioner's work history and stating "the evidence at best supports that Claimant worked a total of five quarters of work"). This is one quarter short of the 6 required by the rule. Accordingly, the hearing officer's decision is supported by substantial evidence in the record, and it will not be disturbed.

The entry is:

Petitioner's motion to take additional evidence is DENIED.

Respondents' decision denying petitioner's application for TANF benefits is AFFIRMED.

Date: 3|3|2014

Joyce A. Wheeler
Justice, Superior Court

Jefferson Exil-Pro Se Petitioner
Thomas Quinn AAG-Respondents

5