STATE OF MAINE                                          SUPERIOR COURT

Cumberland, ss.


JOHN MORGAN

REC'D CUMB CLERKS OFC
JUN 19 '19 AM 10:12

    Petitioner

    v.                                              Docket No. CUMSC-AP-19-005

SECRETARY OF STATE

## DECISION AND JUDGMENT

This case presents an appeal under Rule 80C of the Maine Rules of Civil Procedure, in which petitioner John Morgan challenges a decision of the respondent Maine Secretary of State suspending his driver's license.

The parties have filed briefs and the court elects to decide the case without oral argument. *See* M.R. Civ. 80C(l) (oral argument to be scheduled "[u]nless the court otherwise directs." *See also Lindemann v. Comm'n on Governmental Ethics & Election Practices*, 2008 ME 187, ¶26, 961 A.2d 538 (Rule 80C permits court to direct that oral argument not be scheduled).

Based on the entire record, the court denies the appeal and grants judgment to the Respondent.

### *Background*

On September 22, 2018, Officer Brandon Curtis of the Brunswick Police Department completed a report to the Maine Secretary of State that Petitioner John Morgan had operated a motor vehicle on September 20, 2018 with an alcohol level of

0.08 grams of alcohol or more per 100 milliliters of blood or 210 liters of breath. *See* Record Ex. 1.[1] *See also* 29-A M.R.S. § 2481(1) (procedure for officer's report of elevated alcohol level). The report was based on the result of an Intoxilizer test administered after Mr. Morgan had been placed under arrest on September 20, 2018, indicating Mr. Morgan's alcohol level to be 0.11 grams. Record Ex. 7. In response, the Secretary of State sent Mr. Morgan a Notice of Suspension and Opportunity for Hearing. *See* Record Ex. 8. Mr. Morgan requested a hearing.

The hearing was held February 20, 2019. The hearing transcript is Exhibit 5 in the administrative record. Mr. Morgan did not attend the hearing, but his attorney, Matthew Bowe, and a witness for Mr. Morgan did attend, as did Officer Curtis.

At the outset, Hearing Officer Tucker indicated that his understanding that Mr. Morgan's challenge to the suspension was limited to the issue whether Mr. Morgan in fact operated a motor vehicle with an excessive alcohol level, meaning that Mr. Morgan was not challenging the existence of probable cause for the arrest. *See* Record Ex. 5 at 3; *see also* 29-A M.R.S. § 2453(8) (issues at administrative hearing).

Officer Curtis testified regarding his administration of the Intoxilizer test and the result obtained. *See* Record Ex. 5 at 3-13. Attorney Bowe questioned the officer about the contents of Mr. Morgan's mouth before and during the test. *See id.* at 6-13. In response to one question, the officer indicated that Mr. Morgan had told him he had been to the dentist earlier in the day. *See id.* at 10. After the officer's testimony,

---

[1] Record references are to the administrative record on appeal filed with the court.

attorney Bowe presented the testimony of Mr. Morgan's dentist, Kevin Wilson, via telephone. Dr. Wilson testified that Mr. Wilson had undergone a dental cleaning by a dental hygienist on September 20, 2018, and that he had bled extensively from the gums during the cleaning. *Id.* at 14-34. Once the dentist's testimony was complete, the hearing officer and attorney Bowe asked Officer Curtis a few more questions about whether he had noticed any blood or bleeding during the Intoxilizer test, and the officer said he had not. *Id.* at 35-36.

Attorney Bowe's closing argument focused on the provision of the Intoxilizer manual indicating that the presence of blood in the mouth of a person undergoing the test can compromise the validity of the test result. *Id.* at 37-38. Attorney Bowe pointed out that the officer did not doublecheck the state of Mr. Morgan's mouth, even after Mr. Morgan had disclosed that he had visited the dentist earlier in the day.

Hearing Officer Tucker denied the petition on the ground that there was no evidence that Mr. Morgan was still bleeding, or had any blood in his mouth, at the time of the Intoxilizer test. The hearing officer also noted his understanding of the Intoxilizer manual as referring to oral surgery rather than a teeth cleaning. *See id.* at 38-40.

Mr. Morgan took this timely appeal.

*Analysis*

When the Superior Court considers an appeal, the court reviews whether the hearing officer abused his or her discretion, committed an error of law, or made findings not supported by substantial evidence in the record. Davric Maine Corp. v. Maine

3

Harness Racing Comm'n, 1999 ME 99, ¶ 7, 732 A.2d 289. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support the resulting conclusion." Lewiston Daily Sun v. Maine Unemployment Ins. Comm'n, 1999 Me 90, ¶ 7, 733 A.2d 344 (citation omitted). "The burden of proof clearly rests with the party seeking to overturn the decision of an administrative agency." Seven Islands Land Co. v. Maine Land Use Regulation Comm'n., 450 A.2d 475, 479 (Me. 1982) (citation omitted).

In this case, the testimony of the officer, together with the evidence that the Intoxilizer test yielded a valid result, constitute substantial evidence sufficient to support the decision. The Petitioner's effort to cast doubt on the validity of the test result was based on speculation, as the hearing officer indicated.

IT IS HEREBY ORDERED:

1. The decision of Respondent Secretary of State is affirmed. The Petitioner's appeal is denied.

2. Judgment is hereby granted on the appeal to the Respondent.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Decision and Judgment by reference in the docket.

Dated June 18, 2019

_____
A. M. Horton, Justice

Entered on the Docket: 6/20/19

4